**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-31260

BAYOU LIBERTY ASSOCIATION, INC.,

Plaintiff-Appellant,

versus

UNITED STATES ARMY CORPS OF ENGINEERS,

Defendant-Appellee,

and

WAL-MART STORES, INC.; HOME DEPOT USA INC.,

Intervenors-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

July 19, 2000

Before WIENER and STEWART, Circuit Judges.[1]

CARL E. STEWART, Circuit Judge:

---

[1] Senior District Judge John M. Shaw of the Western District of Louisiana, was a member of the panel that heard oral argument on this case, but because of his death on December 24, 1999, he did not participate in this decision. This case is being decided by a quorum pursuant to 28 U.S.C. § 46(d).

The appellant, Bayou Liberty Association, Inc. ("BLA") challenges the district court's denial of its motion for preliminary injunction and dismissal of its complaint. For the following reasons we remand to the district court with instructions to dismiss the case as moot.

FACTUAL AND PROCEDURAL BACKGROUND

In February 1998, Wal-Mart, Sam's Club, and Home Depot (collectively "intervenors" or "appellees") applied to the United States Army Corps of Engineers ("Corps") to obtain a permit pursuant to the Clean Water Act, 33 U.S.C. § 1344 to construct a retail complex in the Bayou Liberty area of St. Tammany parish. BLA is an association of approximately 140 members who own homes near the bayou.

After an administrative process which included participation from federal, state and local agencies, along with comments from the public, the Corps issued the defendants a permit in September 1998. Along with the permit, the Corps issued a "Permit Evaluation and Decision Document," that included an environmental assessment ("EA") with a finding of no significant impact ("FONSI"). Due to the finding of no significant impact the Corps was not required under the statute to complete a more extensive environmental impact statement.

In October 1998, BLA filed suit against the Corps under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §4331 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, et seq. BLA alleged that the Corps had issued the permit in violation of NEPA by failing to consider the impact of the development, alone and along with the cumulative impact of other development, on flooding in Bayou Liberty. BLA sought declaratory and injunctive relief which in sum sought to suspend the permit issued by the Corps.

2

The district court denied BLA's motion for a temporary restraining order. After further pleadings and argument the district court denied BLA's motion for a preliminary injunction and dismissed BLA's complaint with prejudice. BLA filed a notice of appeal and made a motion before this court for an injunction pending resolution of the appeal. That motion was denied in November 1998. Wal-Mart and Home Depot subsequently filed separate motions to dismiss the appeal which have been carried with the case.

DISCUSSION

I.    Mootness

Intervenors, Wal-Mart and Home Depot have filed motions to dismiss the appeal on the basis that BLA's claims are moot because construction of the retail complex has been completed. We must address the issue of mootness first, because to qualify as a case for federal court adjudication, a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed. Harris v. City of Houston, 151 F.3d 186, 189 (5th Cir. 1989) (citations omitted). Whether a case is moot is a question of law that we resolve de novo. Id.

We have consistently found that a request for injunctive relief is moot when the event sought to be enjoined has occurred. Id. (citations omitted). When a party seeks an injunction to halt a construction project the case may become moot when a substantial portion of that project is completed. See Florida Wildlife Federation v. Goldschmidt, 611 F.2d 547 (5th Cir. 1980). In the present case, BLA sought both injunctive and declaratory relief. In its complaint BLA requested the following relief: (1) a preliminary injunction staying or suspending the permit issued by the Corps for the retail complex development; (2) a declaratory judgment declaring that the Corps' approval of the development permit without preparation of an EIS was arbitrary, capricious, and

3

an abuse of discretion; (3) a permanent injunction vacating the Corps' permit for the retail complex development and prohibiting reissuance of the permit until the Corps prepared an EIS; (4) a declaratory judgment stating that the Corps' approval of the permit without consideration of all direct and indirect effects, and cumulative impact is arbitrary, capricious and an abuse of discretion; (5) a permanent injunction vacating the Corps' permit until the Corps considers the direct, indirect, and cumulative environmental impacts of such development.

Based on this requested relief BLA's claims are moot. BLA's requested injunctive relief requests staying or suspending the permit and requiring the Corps to consider the direct, indirect, and cumulative impacts. BLA also sought declaratory relief stating that the Corps was required to consider these impacts before granting the permit. However, even if this court were to find in BLA's favor and suspend or stay the permit, this action would not have any effect because the construction authorized by the permit has been substantially completed. As we have previously noted:

> [T]he basic thrust of NEPA legislation is to provide assistance for evaluating proposals for prospective federal action in the light of their future effect upon environment factors, not to serve as a basis for after-the-fact critical evaluation subsequent to substantial completion of construction...the courts have been reluctant, at least in the absence of blatant bad-faith violations, to grant relief after the challenged project has been substantially or wholly completed, even in instances where the agency...has acted in violation of NEPA-mandated preconstruction procedures.

Richland Park Homeowners Association v. Pierce, 671 F.2d 935, 940 (5th Cir. 1982).

BLA argues that the relief it requested is not moot because meaningful relief is still available. On appeal, BLA seeks a declaratory judgment defining the obligations of the Corps in evaluating applications for permits for construction on wetlands, and a remand to the Corps for

4

further consideration of the risk of flooding from the retail complex and measures that can be taken to abate the risk.

BLA contends that its present situation is similar to one we resolved in <u>Vieux Carre Property Owners v. Brown</u>, 948 F.2d 1436 (5th Cir. 1991). In <u>Vieux Carre</u>, an historic building preservation group claimed that the Corps approved construction of a park and aquarium without following the procedures set forth in the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470 <u>et.</u> <u>seq.</u> <u>Id.</u> at 1438. After an appeal and remand to the district court, the district court dismissed the suit stating that the claims were moot because construction of the aquarium and park had been substantially completed. <u>Id.</u> at 1439-40. We reversed the district court's finding of mootness stating that "the law is clear that a suit is moot only when it can be shown that a court cannot even 'theoretically grant' relief. Mere '[d]ifficulties in formulating a remedy in an otherwise living case do not evidence the absence of a case or controversy.'" <u>Id.</u> at 1446. We found that because the Corps had failed to conduct a review under the NHPA it was impossible to predict what would be the result of the NHPA review process, and that the review process could result in the implementation of measures to mitigate some or all of the adverse effects from the construction. <u>Id.</u> at 1446-47.

The present case is distinguishable from <u>Vieux Carre</u>. In <u>Vieux Carre</u> the Corps had failed to conduct any review of the construction plans under the NHPA. <u>Id.</u> at 1439. Thus, it was impossible for this court to determine whether the historic building preservation society's requested relief would have any effect even after the project had been completed. In the present case, there has been a review under NEPA, and thus the possible effects of a NEPA review are not "theoretical."

5

We have previously interpreted <u>Vieux Carre's</u> instruction to only dismiss claims as moot when a court cannot even "theoretically" grant relief to mean " 'theoretical' not in the sense that we have imagined possibilities beyond those requested in the complaint, but rather in the sense that we [have] given the plaintiff the benefit of the doubt as to whether certain requested relief would in fact ease or correct the alleged wrong." <u>Harris</u>, 151 F.3d at 190. In the present case, BLA requested relief in the form of injunctions to suspend the permit, thus halting construction on the retail complex and declaratory judgments to contest how the permit process had been conducted. Now that the construction on the retail complex has been substantially completed, even giving BLA the complete benefit of the doubt by assuming that we would suspend the permit, there would be no meaningful relief for BLA . The permit authorized construction of the retail complex which has already been completed. If we granted the original declaratory relief requested and found that the process used by the Corps in issuing the permit was arbitrary and capricious there would be no meaningful relief for the same reason.

We are aware that BLA has requested relief on appeal in the form of: (1) a declaratory judgment defining the obligations of the Corps in evaluating applications for permits for construction on wetlands in the Bayou Liberty Basin; and (2) remand to the Corps for further consideration of the risk of flooding from the retail complex and of measures which may be taken to abate that risk. First, the request for a declaratory judgment to define the obligations of the Corps in evaluating applications for permits for construction amounts to a request for an advisory opinion from this court. "The 'case or controversy' requirement of Article III of the United States Constitution prohibits federal courts from considering questions that cannot affect the rights of the litigants in the *case before them*." <u>C&H Nationwide, Inc. v. Norwest bank Texas</u>,

6

208 F.3d 490, 493 (5th Cir. 2000) (citation omitted). Thus, federal courts may not render advisory opinions. Id. In the present case, a declaratory judgment informing the Corps about what the proper procedures are in evaluating applications for permits for construction on wetlands in Bayou Liberty does not relate specifically to the case before us. Granting this relief would not affect the rights of the parties in relation to the issuance of the specific Corps permit issued for construction of the Wal-Mart, Home Depot retail complex before us in this case. Therefore, any general declaratory judgment regarding Corps' procedures in issuing other permits would be an advisory opinion.

Next, BLA requests remand to the Corps for further consideration of the risk of flooding from the retail complex. As stated *supra*, in their original complaint BLA requested: (1) a preliminary injunction staying or suspending the permit issued by the Corps for the retail complex development; (2) a declaratory judgment declaring that the Corps' approval of the development permit without preparation of an EIS was arbitrary, capricious, and an abuse of discretion; (3) a permanent injunction vacating the Corps' permit for the retail complex development and prohibiting reissuance of the permit until the Corps prepared an EIS; (4) a declaratory judgment stating that the Corps' approval of the permit without consideration of all direct and indirect effects, and cumulative impact is arbitrary, capricious and an abuse of discretion; (5) a permanent injunction vacating the Corps' permit until the Corps considers the direct, indirect, and cumulative environmental impacts of such development. In none of its original requests for relief did BLA seek a remand to Corps for further consideration of the risk of flooding. Thus, this request for relief is made for the first time on appeal. We have previously held that this court may not fashion relief not requested below in order to keep a suit viable. Harris, 151 F.3d at 190-91. We do not

consider issues raised for the first time on appeal except in extraordinary instances when such consideration is required to avoid a miscarriage of justice, and this is not such a situation. Thus, because completion of construction of the retail complex has foreclosed any meaningful relief that would flow from granting BLA's original requests for relief this action has become moot.

II.     Capable of Repetition Yet Evading Review

BLA argues in the alternative that even if its suit is moot it falls under the long recognized exception to the mootness doctrine for "issues capable of repetition yet evading review." Vieux Carre, 948 F.2d at 1447. This doctrine allows for a federal court to retain jurisdiction over a case even though it may technically be moot. Id. The capable-of-repetition doctrine "applies only in exceptional situations...where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Spencer v. Kemna, 523 U.S. 1, 17, 118 S.Ct. 978, 988, 140 L.Ed. 2d 43 (1998).

In the present case, BLA has met the second requirement of demonstrating that the same action will take place again. BLA has shown that there is an expectation of future development in the Bayou Liberty area that may create the types of problems with flooding and destruction of the wet-lands complained about by BLA in the current litigation. However, we are not convinced that BLA has met the first requirement that the period of time between issuance of a Corps permit and substantial completion of construction will be too short to allow a challenge to the permit to be fully litigated. Although there may be a limited span of time between issuance of the permit

8

and completion of the construction, there are methods available to halt the construction and receive full review of the Corps' procedures before the construction is substantially completed or the wet-lands are destroyed. Following the same process as BLA followed in the present case, a plaintiff may apply for a preliminary or permanent injunction which would suspend a Corps' permit, thus halting construction. A plaintiff may also seek a stay or injunction pending appeal to halt construction while the appeal is fully considered. While BLA was not successful in the present action in getting an injunction, this does not mean that upon the proper evidentiary showing actions such as these are inherently capable of evading review. In a future action if the Corps issues a permit for development on wet-lands in the Bayou Liberty area BLA will have an opportunity to challenge that new permit and seek injunctive relief to insure NEPA compliance. Thus, we find that this exception to the mootness doctrine does not apply.

CONCLUSION

When a civil case becomes moot pending appellate adjudication, the established practice is to reverse or vacate the judgment below and remand with a direction to dismiss. Harris, 151 F.3d at 191. Thus, the district court's orders are VACATED and the case is REMANDED to the district court with instructions to DISMISS AS MOOT.