**Ed PICTON, Individually and on Behalf of all Others Similarly Situated, Plaintiffs,**

v.

**EXCEL GROUP, INC., Defendant.**

**No. 1:01–CV–100.**

United States District Court, E.D. Texas, Beaumont Division.

March 1, 2001.

---

John Gerald Werner of Reaud, Morgan & Quinn, Inc., Beaumont, TX, for Plaintiffs.

Michael J. Truncale of Orgain, Bell & Tucker, Beaumont, TX, Thomas H. Kiggins and Christine S. Goldberg of Phelps Dunbar LLP, Baton Rogue, LA, for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING EXCEL'S MOTION FOR SUMMARY JUDGMENT

SCHELL, District Judge.

This matter is before the court on "Excel's Motion For Summary Judgment," filed on November 15, 2001 (Dkt.# 21, 22, 23). Plaintiff filed a Response on January 21, 2002 (Dkt.# 33), and Defendant filed a Reply on February 5, 2002 (Dkt.# 39). Upon consideration of the parties' written submissions, exhibits, affidavits, and the applicable law, the court is of the opinion that "Excel's Motion For Summary Judgment" should be DENIED.

### I. BACKGROUND

Plaintiff, Ed Picton ("Plaintiff"), is a former employee of Defendant Excel Group, Inc. ("Defendant"). On March 30, 2001, Plaintiff filed a complaint claiming that Defendant violated the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 201–219. The FLSA requires covered employers to pay their employees overtime wages at the rate of time and a half for hours in excess of forty hours worked in a single week. 29 U.S.C. § 207(a)(1). Specifically,

Plaintiff alleges that Defendant willfully characterized some of Plaintiff's wages as per diem, which should have been included to increase his regular rate of pay for purposes of calculating overtime. He claims that Defendant's failure to include the per diem in his regular rate of pay allowed Defendant to pay him a lower overtime rate. Further, Plaintiff claims that Defendant's miscalculation caused him to file an incorrect tax return.

Defendant is a corporation which does business as an electrical subcontractor. In 1999, Defendant submitted a bid to work on a construction project at the Clark Refinery in Port Arthur, Texas. In order to estimate its labor costs for the project, Defendant conducted a labor market survey of the surrounding area, including Beaumont, Port Arthur, and Orange, Texas. Defendant claims that the survey revealed that Defendant would have to hire a majority of its skilled laborers from outside the Port Arthur area. After researching the cost of travel and temporary living expenses, Defendant decided to pay all skilled laborers who worked on the Clark Refinery project a per diem of $100 per week to cover those expenses.

Defendant successfully secured the bid and commenced the Clark Refinery project in February, 2000. In March, 2000, Defendant hired Plaintiff to work as an "A" or "B" level electrician on the Clark Refinery project for the rate of $17.00 per hour plus $100 per week as per diem. At the time Plaintiff was hired by Defendant, he resided in Port Arthur, approximately five to ten miles from the Clark Refinery work site. Plaintiff alleges that, when he was hired, he informed Defendant's hiring personnel that he lived near the work site and inquired as to whether he was eligible for payment of per diem. Defendant's hiring personnel allegedly responded that Defendant would pay Plaintiff the $100 per diem

regardless of where he lived. Pl.'s Resp. Ex. F at 1.

Plaintiff worked on the Clark Refinery project through July, 2000—a total of nineteen weeks. In that time, he accumulated 197.75 hours of overtime pay for which he was paid at time and a half of his regular rate of pay.

Defendant argues that summary judgment is proper in this case for a number of reasons. First, Defendant contends that Plaintiff's claims are moot because Defendant offered to provide Plaintiff with the exact relief requested in his complaint. Second, Defendant argues that it is entitled to exclude per diem payments from Plaintiff's regular rate of pay even if he did not incur travel or temporary living expenses because the FLSA permits employers to approximate such expenses on a group basis and exclude them from the regular rate of pay if the amount of the per diem is not disproportionately large. To that end, Defendant claims that the Department of Labor ("DOL") routinely permits employers to evaluate per diem payments on a group basis.' Third, Defendant asserts that it is entitled to exclude per diem payments because Defendant required Plaintiff to supply his own tools and safety equipment. Finally, Defendant argues that Plaintiff is not entitled to any additional compensation even if the per diem should have been included as part of his regular rate of pay because the amount of federal withholdings would eclipse the amount owed to Plaintiff.

Plaintiff maintains that the court cannot grant summary judgment in this matter because genuine issues of fact exist. First, Plaintiff argues that his claims are not moot because Defendant did not offer Plaintiff the exact relief requested in his complaint. In his second major argument, Plaintiff alleges that Defendant's per diem payments and policy were improper for several reasons. He claims that, under the applicable law, per diem payments must be evaluated on an individual basis. Plaintiff also makes various attacks on the affidavit of Don Strobel ("Strobel"), which is offered as summary judgment evidence by Defendant. Further, Plaintiff offers the federal government's per diem policy as proof that Defendant's per diem policy was improper. He also states that the per diem money paid to Plaintiff by Defendant is likely considered ordinary income for tax purposes, and thus, should be included as part of his regular rate of pay. Third, Plaintiff contends that Defendant's arguments in this case are impermissibly inconsistent with those made in a similar case. Fourth, Plaintiff contends that Defendant is not entitled to exclude per diem payments based on the fact that Defendant required Plaintiff to supply his own tools and safety equipment because Plaintiff never purchased any tools in preparation for his job at the Clark Refinery. Finally, Plaintiff argues that the amount of Defendant's federal withholdings is an issue only as it relates to Plaintiff and the Internal Revenue Service and has nothing to do with the propriety of Defendant's per diem policy.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. *International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264 (5th Cir.1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the initial burden is satisfied, the

burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.*

An issue is material only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this analysis, the court reviews the facts and evidence and draws all inferences in the light most favorable to the nonmovant. *Colson v. Grohman,* 174 F.3d 498, 506 (5th Cir.1999) (citing *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505).

## III. DISCUSSION

### A. *Plaintiff's Claims Are Not Moot*

 In its motion, Defendant avers that Plaintiff's claims are moot because Defendant "has already offered to provide plaintiff with the exact relief requested." Def.'s Mot. Summ. J. at 4 (emphasis omitted). Federal courts can only decide questions that can affect the rights of litigants in the case before them. *Locke v. Bd. of Pub. Instruction of Palm Beach County,* 499 F.2d 359, 364 (5th Cir.1974). Federal courts are not empowered to decide moot questions. *Id.* "[A] suit is moot only when it can be shown that a court cannot even 'theoretically grant' relief." *Benavides v. Housing Authority of City of San Antonio, Tex.,* 238 F.3d 667, 669 (5th Cir.2001). This means that the court should give Plaintiff the benefit of the doubt as to whether the requested relief would in fact ease or correct the alleged wrong. *Bayou Liberty Assoc., Inc. v. United States Army Corps of Engineers,* 217 F.3d 393, 397 (5th Cir.2000).

Here, Defendant has not shown that the court cannot even theoretically grant relief to Plaintiff. As evidence of mootness, Defendant offers a letter dated April 9, 2001, from Defendant's counsel addressed to Plaintiff's counsel wherein Defendant provides a revised W–2 form reflecting the per diem payments made to Plaintiff over the course of his employment with Defendant as wages. Def.'s Mot. Summ. J. Ex. 1. Defendant also claims that it offered to pay Plaintiff the cost of filing of an amended tax return. *Id.* Ex. A at ¶ 7. However, Plaintiff rightly points out that such relief does not constitute "the exact relief requested" in his complaint. In his complaint, Plaintiff alleges that he is entitled to statutory attorney's fees and liquidated damages, among other damages, because Defendant committed a willful violation of the FLSA. *See* Pl.'s First Am. Compl. at ¶ 16; *see also* 29 U.S.C. § 216(b). Accordingly, Defendant's offer to provide the revised W–2 form and payment for filing an amended tax return does not equal the full relief requested by Plaintiff. Thus, Plaintiff's claims are not moot because, if he prevails on the merits, the court can grant Plaintiff relief beyond that which Defendant previously has offered to him.

### B. *Defendant Has Failed To Prove That It Is Entitled To Exclude Per Diem Payments From Plaintiff's Regular Rate Of Pay As A Matter Of Law*

 Defendant also asserts that it is entitled to exclude per diem payments from Plaintiff's regular rate of pay even if he did not incur travel or temporary living expenses because employers can approximate per diem payments on a group basis. To analyze this assertion, the court will first look to the plain language of the FLSA.

 The FLSA is a federal statute establishing minimum wage, overtime pay, child labor, and equal pay requirements. 29 C.F.R. § 778.0 (2001). The DOL is responsible for defining the terms used in the FLSA through interpretive regulations, and as a general rule, DOL regulations are entitled to judicial deference and

are the primary source of guidance for determining the scope and extent of exemptions to the FLSA. *Spradling v. City of Tulsa, Okl.*, 95 F.3d 1492, 1495 (10th Cir.1996) (citing *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965)). Exemptions from or exceptions to FLSA requirements are to be *narrowly construed* against the employer asserting them. *Donovan v. Brown Equipment & Service Tools, Inc.*, 666 F.2d 148, 153 (5th Cir.1982) (citations omitted)6. In addition, an employer has the burden of affirmatively showing that its employees come within the exceptions to the FLSA's overtime provisions. *Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 264 (5th Cir.2000) (citation omitted). In the present case, Defendant argues that its per diem payments to Plaintiff fit within a permissible exception to the FLSA's definition of an employee's regular rate of pay. Accordingly, the court must discuss the following substantive FLSA requirements.

Under the FLSA, employers are required to pay employees at a rate not less than one and one-half times the regular rate at which he is employed for each hour worked over forty per week. 29 U.S.C. § 207(a)(1). "[T]he 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). However, an employee's regular rate of pay does not include *"reasonable* payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment." 29 U.S.C. § 207(e)(2) (emphasis added).

Regulations established by the Wage and Hour Division of the DOL afford a non-exhaustive list of illustrations in which

per diem payments "will not be regarded as part of the employee's regular rate...." 29 C.F.R. § 778.217(b). These illustrations include the amount expended by an employee in purchasing supplies, tools, and equipment, and the actual or reasonably approximate amount expended by an employee for purchasing or laundering uniforms, travel expenses, living expenses away from home, and "supper money." 29 C.F.R. § 778.217(b)(1)-(5). Further, the regulations state that "only the actual or reasonably approximate amount of the expense is excludable from the regular rate. If the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate." 29 C.F.R. § 778.217(c).

In deciding Defendant's motion for summary judgment, the court must look to the motion to see whether it points out the absence of any genuine issue of material fact. Defendant avers that its per diem payments to Plaintiff were properly excluded from Plaintiff's regular rate of pay because the per diem was *reasonable* based on the estimated cost of travel and temporary living expenses of the group of workers to be employed on the Clark Refinery project. As mentioned above, before commencing work on the Clark Refinery project, Defendant performed a labor market survey of Port Arthur and the surrounding area. Def.'s Mot. Summ. J. Ex. A at ¶ 3. The survey concluded that most of the skilled laborers would have to be recruited from outside Port Arthur. *Id.* Based on Defendant's research, it determined that $100 per week was a reasonable approximation of the cost of travel and temporary living expenses that *outside* workers would incur. *Id.* Defendant also decided to pay the per diem to all employees whether they would incur excludable expenses or not. This decision was justified by the argument that "there is nothing in the FLSA that prohibits em-

ployers from approximating per diem payments on a group basis." Def.'s Reply at 2. Defendant further states that "[P]laintiff has failed to come forward with any legal authority to show that a group approximation is illegal." *Id.* The court notes, however, that Defendant points to nothing in the FLSA that permits employers to approximate per diem payments on a group, rather than on an individual, basis. Keeping in mind the rule that exceptions to FLSA requirements must be *narrowly construed* against the employer asserting them, an inspection of the plain text of the FLSA reveals that the FLSA permits employers to approximate per diem payments in terms of individual employees only.

First, the FLSA defines the term "employee" as "an *individual* employed by an employer." 29 U.S.C. § 203(e)(1) (emphasis added). Therefore, when the aforementioned FLSA regulations use the term "employee" they are referring to an individual employee and not a group of employees. Second, Plaintiff directs the court to section 778.217(d) of the Code of Federal Regulations in support of his argument that per diem payments should be approximated in terms of individual employees. Notably, this provision is entitled *"[p]ayments for expenses personal to the employee;"* the text reads as follows:

> The expenses for which reimbursement is made must in order to merit exclusion from the regular rate under this section, be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. If the employer reimburses the employee for expenses

normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses."

29 C.F.R. § 778.217(d). The court believes that a fair reading of the language in the above regulation and the FLSA in general demonstrates that it is proper to determine per diem payments in terms of individual employees. By this the court means that employers may choose to set an amount that they deem to be a reasonable per diem for a group of workers, but they do so at risk of violating the FLSA. This is because any amount set aside as per diem must reasonably approximate the actual amount of expenses incurred by each individual employee. If the per diem meets this test as to each employee, that amount properly can be excluded from each employee's regular rate of pay. In other words, the court will measure the reasonableness of the employer's per diem policy on an employee by employee basis to see if the amount paid reasonably approximates each individual employee's excludable expenses.

Defendant fails to analyze the language of the FLSA in its briefing. Rather, it urges the court to consider the general practices of the Wage and Hour Division as the proper interpretation of the rule of law.[1] Defendant argues that it is entitled

---

1. Alternatively, Defendant presents to the court two reasons why its so-called "blanket" per diem policy was established for the Clark Refinery project: (1) "fairness to non-resident employees who would not receive the per diem; and (2) practical concerns about the administrative difficulties involved in attempting to verify the residence and/or living expenses of each individual employee." Def.'s

Reply at 2. These reasons lend the court insight into the analysis which lead Defendant to approximate its per diem payments on a group basis. Nevertheless, Defendant's reasons, while important considerations for employers, ultimately do not assist the court in interpreting the pertinent statutes and determining whether it is legal for employers to

to exclude per diem payments from Plaintiff's regular rate of pay even if he did not incur travel or temporary living expenses because the Wage and Hour Division of the DOL analyzes the reasonableness of per diem payments on a group basis rather than individually. In support of its argument, Defendant offers the affidavit of Don H. Strobel ("Strobel"), former Assistant District Director for the United States DOL/Employment Standards Administration, Wage and Hour Division, who worked for the DOL for a total of thirty-two years. Def.'s Mot. Summ. J. Ex. B at ¶ 2. Strobel states that Defendant's per diem policy is consistent with the FLSA regulations. *Id.* at ¶ 5. He asserts that "the Wage and Hour Division has always analyzed the reasonableness of per diem payments on a group basis." *Id.* This means "[i]f the group as a whole will incur travel and living expenses, the employer is justified in paying a per diem across the board to all employees in the same job classification. This is true even though some employees may not incur travel expenses." *Id.* Strobel states that, in his experience, the DOL "has never required employers to pay per diems based on 'actual costs.'" *Id.* at ¶ 6. Moreover, Strobel claims that per diem payments are based on averages—"[w]hile some employees may incur more expenses than the per diem covers, others may incur less expenses." *Id.* at ¶ 5. But, on the average, the per diem must be reasonable. *Id.* Thus, Strobel concludes that the per diem offered by Defendant was reasonable. *Id.*

The court finds Strobel's testimony about the Wage and Hour Division's practices persuasive, but not controlling in this case. Strobel's testimony seems to be at odds with the language of the FLSA and its interpretive regulations promulgated by the DOL. Specifically, the FLSA treats employees as individuals, and the interpretive regulations, which were drafted by the administrative agency for whom Strobel worked, do not contain any language indicating that it is proper to determine per diem payments on a group basis. Additionally, Strobel's testimony that "the employer is justified in paying a per diem across the board" if the group as a whole will incur travel and living expenses even though some employees may not incur such expenses is in direct conflict with section 32d05a(b) of the WAGE & HOUR FIELD OPERATIONS HANDBOOK. THE HANDBOOK states that when an employee receives a "per diem," but actually incurs no extraordinary expenses, the payments are included in the employee's regular rate of pay. 5 EMPLOY. COORDINATOR ¶ C–16, 183 at 1 (citing WAGE & HOUR FIELD OPERATIONS HANDBOOK § 32d05a(b)) (summarizing federal law regarding the treatment of particular forms of compensation as part of an employee's "regular rate"); *see also* 29 C.F.R. § 778.217(d). The HANDBOOK is helpful because it shows that per diem payments made to employees should be figured on the basis of each employee's actual expenses. This means that the per diem amount set by employers must be a reasonable approximation of the actual expenses incurred by each individual employee. Thus, if any employee receiving the per diem incurred no excludable expenses, or if the amount paid as reimbursement was disproportionately large compared to the excludable expenses incurred, the per diem payments are not excludable from that employee's regular rate of pay.

The court is of the opinion that the language of the HANDBOOK, coupled with that of the FLSA and its interpretive regulations, contemplates dealing with each employee individually and not as a group. The court therefore cannot accept Strobel's testimony about the Wage and Hour

approximate per diem payments on a group basis.

Division's practices as a definitive statement of the law governing this case. As a result, Defendant has not met its initial burden to point out the absence of a genuine issue of material fact as to whether it was proper for Defendant to approximate per diem payments on a group basis.

C. *Defendant Has Failed To Submit Evidence That Plaintiff Incurred Any Expenses For Tools And Equipment*

■ Defendant also argues that it is entitled to exclude per diem payments from Plaintiff's regular rate of pay because Defendant required Plaintiff to supply his own tools and safety equipment. The FLSA permits employers to reimburse employees for "[t]he actual amount expended by an employee in purchasing supplies, tools, materials, or equipment on behalf of his employer." 29 C.F.R. § 778.217(b)(1). In the case of tools and equipment, the actual amount of the expense is excludable from the regular rate. *Id.* § 778.217(c). Defendant contends that the $100 weekly per diem was a reasonable reimbursement because Plaintiff was required to provide his own "numerous and sundry pliers, wrenches and screwdrivers; a pocket knife; hack saw; tool belt; ... voltage tester ... [;] safety goggles and steel-toed boots." Def's. Mot. Summ. J. at 10–11.

Plaintiff contends that Defendant's argument lacks merit because Plaintiff did not incur any expenses for tools and safety equipment. The court again observes that when an employee receives a per diem, but actually incurs no extraordinary expenses, the payments are included in the employee's regular rate of pay. 5 EMPLOY. COORDINATOR ¶ C–16, 183 at 1. In his deposition testimony, Plaintiff states that he owned each tool required for his job on the Clark Refinery project prior to working for Defendant. Def.'s Reply Ex. A at 12–13. In addition, Plaintiff argues that there is no evidence that Plaintiff incurred any ex-

penses for tools and safety equipment. Plaintiff states in his affidavit that, at the time he was hired by Defendant, he informed Defendant's hiring personnel that he "didn't have any expenses." Pl.'s Resp. at 23, Ex. F at 1. Defendant's witness, Strobel, also admits that there is no evidence that Plaintiff incurred any expenses for "clothes or materials" in connection with his job. *Id.* at 11. Accordingly, the court cannot conclude that the $100 weekly per diem was a reasonable reimbursement because there is no evidence that Plaintiff incurred any expenses for tools and equipment. The court therefore finds that a genuine issue of fact exists as to whether reimbursement in the form of per diem payments reasonably approximated the expenses incurred by Plaintiff, if any, while working on the Clark Refinery project.

D. *Defendant Has Failed To Prove That Plaintiff Is Not Entitled To Any Additional Compensation*

■ Defendant asserts that Plaintiff is not entitled to any additional compensation even if the per diem should have been included as part of his regular rate of pay because the amount of federal withholdings would eclipse the amount owed to Plaintiff. Defendant basically argues that it owes Plaintiff no damages even if Plaintiff wins on the merits and proves damages. The court is not persuaded by Defendant's reasoning. Although Defendant propounds tax calculations performed by Strobel, it cites no statutory or case authority supporting this argument. More importantly, it is well settled that Plaintiff is entitled to damages if he is successful on the merits regardless of the effect that federal taxes would have on the amount of his award. 29 U.S.C. § 216(b) (stating that an employer who violates section 29 U.S.C. § 207 shall be liable to the employee affected in the amount of unpaid overtime compensation and liquidated dam-

ages). Plaintiff correctly points out that "the fact that Picton may owe more taxes if he wins this case is between him and the IRS. . . ." Pl.'s Resp. at 23. If Plaintiff is successful, he may be entitled to receive not only the amount of overtime pay as recalculated by figuring in the per diem payments, but also liquidated damages. Therefore, Defendant has not met its burden to point out the absence of a genuine issue of material fact regarding the existence of damages.

E. *The Court's Ruling On This Motion Is Consistent With Its Ruling In Berry*

The court notes that its decision on this motion is entirely consistent with its decision to grant summary judgment on behalf of Defendant in *Berry v. Excel Group, Inc.,* Case No. 1:00–CV–381. The facts in *Berry* are significantly different than those in this case. *Berry* involved an employee who incurred significant travel expenses because he commuted over 200 miles round trip each day to the Clark Refinery job site. Given those facts, the court held that Defendant was entitled to summary judgment because "the payment of a per diem by Defendant to Plaintiff was a reimbursement that reasonably approximates the expenses incurred." Order Granting Def.'s Mot. Summ. J. at 4. In the present case, however, there is no evidence that Plaintiff incurred any expenses while working for Defendant that would qualify as excludable from his regular rate of pay.

## IV. CONCLUSION

After reviewing the record, the court concludes that, when viewed in the light most favorable to Plaintiff, the summary judgment evidence adduced by the parties supports the finding that genuine issues of material fact exist. Defendant has not met its initial burden to point out the absence of any genuine issue of material fact, and thus, Defendant is not entitled to

judgment as a matter of law. Therefore, "Excel's Motion For Summary Judgment" is hereby DENIED. It is so ORDERED.