United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40551
_____

GREG SPRINGER,

Plaintiff-Appellant,

JAVIER MANCHA, in his official capacity as mayor of the
City of Encinal; SEAN CHADWELL, in his personal and official
capacity as a council member for the City of Encinal,

Intervenors Plaintiffs-Appellants,

versus

U. S. MARSHAL, The United States Marshal's Service,

Defendant-Appellee,

U. S. MARSHAL,

Intervenor Defendant-Appellee,

LASALLE COUNTY PUBLIC FACILITIES DETENTION CORPORATION;
LASALLE COUNTY, TEXAS,

Intervenors-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
5:03-CV-1

_____

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Appellants seek a review of the district court's denial

of a temporary injunction in this National Environmental Policy Act

("NEPA") case, and they seek a remand with instructions to

(1) issue an injunction prohibiting any further funding by the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

federal government of the LaSalle County Detention Center and (2) requiring further consideration of the issues outlined by the trial court at a February 12, 2004, status conference. Having carefully reviewed the briefs and pertinent portions of the record in this case, we conclude that because the case as a whole has become moot, we must remand for dismissal and need not reach the denial of preliminary injunction.

The mootness of a controversy is a jurisdictional issue that we must raise sua sponte. To qualify as a case for federal adjudication, a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed. Harris v. City of Houston, 151 F.3d 186, 189 (5th Cir. 1989). Whether a case is moot is a question of law that this court reviews de novo. Id. This court has consistently held that when a construction project is complete and operating, plaintiffs can obtain no meaningful judicial relief based on alleged non-compliance with NEPA, and their cases are moot. See Bayou Liberty Ass'n v. U.S. Army Corps, 217 F.3d 393, 396-98 (5th Cir. 2000); Richland Park Homeowners Ass'n v. Pierce, 671 F.2d 935, 950 (5th Cir. 1982). Appellants' contention is that because the U. S. Marshals Service conducted an inadequate and "bad faith" environmental assessment of the proposal to construct a detention facility for use by the federal government in LaSalle County, the federal courts must shut down the facility until NEPA is more strictly followed. The problem with their argument at this juncture is that the Marshals Service contributed

its three million dollars to funding the construction of the detention facility, construction was completed in March 2004, and the facility is presently housing a full complement of three hundred detainees, paying LaSalle County for this service at a daily rate per inmate.

The granting of relief requiring further NEPA documentation would avail the plaintiffs nothing. Moreover, their request to eliminate federal funding from the detention center is completely at odds with the public interest, inasmuch as it would create serious economic problems for LaSalle County, would disadvantage the federal government's ongoing efforts to house inmates in south Texas, and would either lead to the closure of the facility or its sale, after foreclosure, to another operator who might not have to comply with NEPA at all. These factors, carefully articulated by the district court as weighing heavily against the grant of preliminary injunctive relief, also serve to demonstrate why no further effective judicial relief can be granted in this case.

Because this case is now moot, we need not rule on the district court's denial of Appellants' request for a preliminary injunction.

**ACCORDINGLY, THIS CASE IS REMANDED WITH INSTRUCTIONS TO DISMISS WITH PREJUDICE.**