# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2007

Charles R. Fulbruge III
Clerk

No. 06-20637

WILLIAM WARE; CAROL CAUL

Plaintiffs - Appellants

v.

UNITED STATES FEDERAL HIGHWAY ADMINISTRATION; CURTIS
DAN REAGAN, In His Official Capacity as Division Administrator of the
Federal Highway Administration Texas Division; J. RICHARD CAPKA, In
His Official Capacity as Administrator of the Federal Highway
Administration; UNITED STATES DEPARTMENT OF TRANSPORTATION;
MARY E. PETERS, In Her Official Capacity as Secretary of Transportation of
the United States Department of Transportation; TEXAS
TRANSPORTATION COMMISSION; RICHARD F. WILLIAMSON, In His
Official Capacity as Chair Texas Transportation Commission

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
4:04-CV-2295

Before KING, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

William Ware and Carol Caul ("Appellants"), appeal the district court's dismissal, for failure to state a claim, of their Fifth Amendment claim, as well as claims, brought under the Administrative Procedures Act ("APA") against the Texas Transportation Commission. Appellants also seek review of the district court's grant of summary judgment to the federal defendants on claims brought under the APA. Appellants's APA claim alleges violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370f, and the Federal Aid Highways Act ("FAHA"), 23 U.S.C. §§ 109 and 128. Appellants' claims stem from their dissatisfaction with the construction of a highway ramp for IH-610 near their neighborhood in Houston, specifically dissatisfaction with noise generated by the new ramp. Construction on the project is now complete.

Prior to oral argument, we requested additional briefs from the parties regarding whether completion of the highway construction mooted the case. In analyzing mootness we ask whether the "requested relief would... ease or correct the alleged wrong." Bayou Liberty Ass'n v. U.S. Army Corps of Engineers, 217 F.3d 393, 397 (5th Cir. 2000). The wrong, according to Appellants, is a failed noise analysis resulting in an excessively noisy highway. Appellants requested relief from the district court in the form of a preliminary injunction to stop construction and to have a new noise analysis done.[1]

Appellees point to a series of NEPA cases where we have found completion of construction to moot an action. See, e.g., Bayou Liberty, 217 F.3d at 396 (mooting action which sought to enjoin construction, and sought declaratory relief that permit approval process was arbitrary and capricious); Richland Park Homeowners Ass'n, Inc. v. Pierce, 671 F.2d 935, 945 (5th Cir. 1982) (mooting case to the extent it asked court to set aside preconstruction approval process for

---

[1] Appellants asked the district court to require a new noise analysis conducted under court supervision, with appellants' participation. The district court properly noted that it could, at most, remand to the agencies for further proceedings.

housing development); Save the Bay, Inc. v. U.S. Army, 639 F.2d 1100, 1102 (5th Cir. 1981) (mooting case which sought to enjoin railroad construction). These cases recognize that "the basic thrust of NEPA is to provide assistance for evaluating proposals or prospective federal action in light of their future effect upon environment factors, not to serve as a basis for after-the-fact critical evaluation subsequent to substantial completion of construction." Richland Park, 671 F.2d at 940. However, the appellants seek injunctive relief for violations of the FAHA which distinguishes this case from our NEPA-focused precedent.

We often note that NEPA guarantees a process, not a particular result. See Gulf Restoration Network v. U.S. Dept. of Transp., 452 F.3d 362, 367 (5th Cir. 2006). NEPA's pre-construction process offers little to a plaintiff after completion of construction. While their goals overlap to a degree, in contrast to NEPA, the FAHA does to a certain extent require a particular result. The FAHA states that the FHWA "shall not approve plans or specifications for any proposed project.... unless [the agency] determines that such plans and specifications include adequate measures to implement the appropriate noise level standards." 23 U.S.C. § 109(i). FAHA regulations provide detail to § 109(i)'s "noise level standards." See 23 C.F.R. Part 772. Prior to FHWA approval, the FAHA regulations require a noise analysis conducted pursuant to specified FHWA methods, along with the adoption of reasonable and feasible measures to mitigate highway noise based on the analysis. See 23 C.F.R. § 772.17 (providing FHWA-approved methods); 23 C.F.R. § 772.11 (requiring adoption of reasonable and feasible mitigation measures).

Despite the fact that construction is complete, appellants ultimately seek relief from noise brought on by the highway. Assuming the prior noise analyses were deficient, completion of construction does not undermine the benefits of further noise mitigation measures (e.g., noise barrier walls) that could be added

based on a new, FAHA-compliant noise analysis. See Vieux Carre Prop. Owners, Residents, and Assoc., Inc. v. Brown, 948 F.2d 1436, 1446-47 (5th Cir. 1991) (finding that, despite near completion of construction, meaningful relief could be granted based on new agency review, where agency had not previously carried out review required by the National Historic Preservation Act). Therefore, the appellants' case is not moot.

Although their case is not moot, the Appellants do not present meritorious grounds for appeal. As to the merits of Appellants' case, we AFFIRM the judgment of the district court, entered May 30, 2006, for essentially the reasons given in its Memorandum and Order dated September 30, 2005, and its Memorandum and Opinion dated March 15, 2006.