IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-11121
Summary Calendar

SOUTH PLAINS SWITCHING LTD CO

Plaintiff-Appellant

v.

THE SURFACE TRANSPORTATION BOARD

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CV-47

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant South Plains Switching, Ltd. Co. ("South Plains") appeals the district court's grant of the Surface Transportation Board's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). For the following reasons, we find that this appeal is moot.

The Surface Transportation Board ("Board") is a federal agency with authority under the Interstate Commerce Act, 49 U.S.C. § 10101 et seq., to

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regulate freight railroads and transportation provided on the interstate rail network. The Board regulates railroad rates and service, including the provision of adequate rail service. See 49 U.S.C. §§ 10701-10747, 10907, and 11101-11124. South Plains is a shortline railroad that serves customers in east Lubbock, Texas. One of South Plains's primary customers is PYCO Industries, Inc. ("PYCO"), a processor and shipper of cottonseed products. Beginning in 2005, PYCO complained to the Board that South Plains's services were inadequate. This case involves: (1) the Board's "feeder line" proceeding pursuant to 49 U.S.C. § 10907 wherein PYCO asked the Board to force South Plains to sell its rail lines and (2) the Board's Alternative Service Order issued on November 21, 2006.

"[T]o qualify as a case for federal court adjudication, a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed." Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs, 217 F.3d 393, 396 (5th Cir. 2000). "Whether a case is moot is a question of law that we resolve de novo." Id.

We find that all of South Plains' requests for relief are moot. As to the feeder line proceeding, South Plains seeks: (1) a writ of mandamus ordering the Board to issue a decision within 20 days of the district court's order, or (2) an order under the Administrative Procedure Act requiring the Board to issue a decision. However, the Board issued a decision in the feeder line proceeding on August 31, 2007. South Plains agrees that this decision rendered its requests moot.

As to the Alternative Service Order, South Plains seeks: (1) a writ of mandamus requiring the Board to vacate the Alternative Service Order, or (2) an injunction preventing the Board from enforcing the Alternative Service Order. Both parties agree that the Alternative Service Order was only effective while South Plains owned the rail lines at issue. However, South Plains sold the rail lines to PYCO on November 9, 2007. The Alternative

Service Order necessarily expired with the transfer of ownership. Accordingly, the requested writ of mandamus and injunction became moot on November 9, 2007, when South Plains sold its rail lines to PYCO. See id. ("We have consistently found that a request for injunctive relief is moot when the event sought to be enjoined has occurred.").

DISMISSED AS MOOT.