**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 28, 2011

Lyle W. Cayce
Clerk

No. 10-40865
Summary Calendar

ERIC WATKINS,

Petitioner-Appellant

v.

JOSE VASQUEZ, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-300

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Eric Watkins, former federal prisoner # 55630-004, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition as moot. While incarcerated at the Federal Correctional Complex in Beaumont, Texas, Watkins filed the instant § 2241 petition challenging the validity of a prison disciplinary proceeding in which he was found guilty of violating Bureau of Prisons (BOP) Prohibited Act Code 312, insolence toward a staff member. He sought (1) a finding and ruling that his due process rights were violated; (2) a reversal of the disciplinary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing officer's finding of guilt; (3) an expungement of the incident report; and (4) the restoration of his good conduct time. Watkins was released from BOP custody and began serving his four-year term of supervised release on June 7, 2010. The district court subsequently dismissed Watkins's petition without prejudice as moot, noting that he had been released from prison and that it lacked jurisdiction to consider whether a reduction of his supervised release term was warranted.

Watkins contends that the district court erred when it dismissed his § 2241 petition as moot. Specifically, he argues that he will suffer adverse consequences from the prison disciplinary conviction and incident report because the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), precludes him from pursuing a civil rights action for damages without first obtaining a ruling invalidating the conviction or expunging the report. He also contends that an actual controversy remains as to whether the incident report should be expunged because the report would affect his custody classification if his supervised release were revoked. "Whether a case is moot is a question of law that we resolve de novo." *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000).

Article III, § 2 of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A petitioner challenging a prison disciplinary proceeding must show that the disciplinary action has or will cause him to suffer adverse consequences. *See id.* at 7-8; *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (holding that a federal prisoner's appeal from the denial of a § 2241 petition seeking the expungement of disciplinary reports and restoration of good time credit was moot because the court could not provide him with relief after he was released and the prisoner did not allege that he would be subject to future adverse consequences because of the incident report).

No. 10-40865

The fact that Watkins may need a favorable habeas decision invalidating his prison disciplinary conviction and expunging the incident report in order to pursue a civil rights action for damages is not sufficient to satisfy the case-or-controversy requirement. *See United States v. Clark*, 193 F.3d 845, 848 (5th Cir. 1999). Further, Watkins's contention that the incident report would affect his custody classification if his supervised release were revoked is the type of speculative hypothetical consequence rejected by the Supreme Court because it is contingent on his violating the conditions of his supervised release, a possibility he could avoid by complying with the district court's conditions. *See Spencer*, 523 U.S. at 15. Finally, Watkins did not seek a reduction of his supervised release term pursuant to 18 U.S.C. § 3583(e), and the district court lacked jurisdiction to consider such a reduction because he was sentenced in the United States District Court for the Northern District of Florida and no transfer of jurisdiction had been effected. *See* 18 U.S.C. § 3605 (authorizing a court to exercise jurisdiction over a person on supervised release if such jurisdiction has been transferred by the sentencing court). Therefore, the district court did not err when it dismissed Watkins's § 2241 petition as moot.

AFFIRMED.