# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2012

Lyle W. Cayce
Clerk

No. 11-40765
Summary Calendar

ERIC WATKINS,

Petitioner-Appellant

v.

MICHAEL W. GARRETT, Complex Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-363

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eric Watkins, former federal prisoner # 55630-004, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging the validity of a prison disciplinary proceeding as moot. He argues that his release from prison did not render his petition moot because (1) he is still serving a term of supervised release and, thus, he is still "in custody" for purposes of § 2241(c)(3); (2) pursuant to 18 U.S.C. § 3583(e)(2) and *United States v. Johnson*, 529 U.S. 53, 60 (2000), the district court had jurisdiction to modify his term of his supervised

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release if it found that he had been incarcerated beyond the proper expiration of his prison term; and (3) an actual controversy remains as to whether the incident report should be expunged because of its effect on his custody classification should his supervised release be revoked. "Whether a case is moot is a question of law that we resolve de novo." *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000).

Watkins is correct that he was and still is "in custody" for purposes of pursuing federal habeas relief because he was incarcerated at the Federal Correctional Complex in Beaumont, Texas, when he filed the instant § 2241 petition and he is still serving a four-year term of supervised release. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). However, Watkins did not seek a reduction of his supervised release term pursuant to § 3583(e) in the district court, and the district court lacked jurisdiction to consider such a reduction because he was sentenced in the United States District Court for the Northern District of Florida and no transfer of jurisdiction had been effected. *See* 18 U.S.C. § 3605 (authorizing a court to exercise jurisdiction over a person on supervised release if such jurisdiction has been transferred by the sentencing court).

With respect to the contention that the incident report would affect his custody classification if his supervised release were revoked, Watkins must satisfy the case-or-controversy requirement of Article III, § 2 of the Constitution. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To do so, Watkins must show that the disciplinary action has or will cause him to suffer adverse consequences. *See id.* at 7-8; *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (holding that a federal prisoner's appeal from the denial of a § 2241 petition seeking the expungement of disciplinary reports and restoration of good time credit was moot because the court could not provide him with relief after he was released and the prisoner did not allege that he would be subject to future adverse consequences because of the incident report). His contention here is the type of

speculative hypothetical consequence rejected by the Supreme Court because it is contingent on his violating the conditions of his supervised release, a possibility he could avoid by complying with the district court's conditions. *See Spencer*, 523 U.S. at 15. Therefore, the district court did not err when it dismissed Watkins's § 2241 petition as moot.

AFFIRMED.