# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

No. 17-30226
Summary Calendar

TAYLOR CARLISLE,

Petitioner - Appellant

v.

NEWELL NORMAND, Warden, Jefferson Parish Correctional Center,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-838

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

In 2013, Taylor Carlisle pleaded guilty in Louisiana state court to possessing oxycodone. Carlisle's sentence was deferred pending his completion of the Jefferson Parish Intensive Drug Program (Drug Court), a probation program authorized by LA. REV. STAT. § 13:5304. In 2015, during a Drug Court appearance, Carlisle was sentenced to six months in jail as a sanction for contempt of court. Carlisle challenged this contempt conviction and sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in a 28 U.S.C. § 2254 application.  After Carlisle completed the six-month jail sentence, the district court dismissed his § 2254 petition as moot.  We granted Carlisle a certificate of appealability on the procedural issue of whether his § 2254 petition is moot.

In reviewing the denial of § 2254 relief, we review issues of law de novo and findings of fact for clear error.  *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).  Mootness is a question of law that is reviewed de novo.  *Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000).

A habeas petition will be dismissed as moot upon expiration of the petitioner's criminal sentence unless there are continuing collateral consequences resulting from his conviction.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see Port v. Heard*, 764 F.2d 423, 426-27 (5th Cir. 1985) (extending this general rule to criminal contempt judgments).  A court should "presume that a wrongful criminal conviction has continuing collateral consequences (or what is effectively the same, [should] count collateral consequences that are remote and unlikely to occur)."  *Spencer*, 523 U.S. at 8.  We have in fact applied the collateral consequences presumption in finding that discharged criminal contempt convictions were not moot.  *See In re Stewart*, 571 F.2d 958, 966-67 (5th Cir. 1978); *United States v. Camil*, 497 F.2d 225, 226-28 (5th Cir. 1974).

In the instant case, the district court erred in failing to presume that there were continuing collateral consequences flowing from Carlisle's criminal contempt conviction, such as the possible future use of the conviction for impeachment and sentencing purposes in any future criminal proceedings.  *See Spencer,* 523 U.S. at 8; *see also Port,* 764 F.2d at 426-27.  Accordingly, the district court's judgment dismissing Carlisle's § 2254 petition as moot is VACATED, and this case is REMANDED for further proceedings.