# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2020

Lyle W. Cayce
Clerk

No. 18-60865

Jose Ernesto Escobar, *also known as* Jose Escobar, *also known as* Jose Escobar Hernandez,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
BIA No. A095 030 659

Before Higginbotham, Jones, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Petitioner Jose Ernesto Escobar, a native and citizen of El Salvador, entered the United States without authorization in 2001. He was ordered removed *in absentia* in 2006 after his temporary protected status ("TPS")

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-60865

expired.[1] He has since filed two unsuccessful motions to reopen his removal proceedings. In 2017, an immigration judge denied his second motion to reopen, as well as his subsequent motion for reconsideration. The Board of Immigration Appeals ("BIA") dismissed Escobar's appeal, and he filed this petition for review in December 2018. In September 2019, after the parties had submitted their briefs, Escobar filed an advisory notifying the Court that he had been granted lawful permanent resident status.

If, during the pendency of litigation, the complaining party receives the relief he originally sought to obtain in court, the action becomes moot and must be dismissed for lack of subject-matter jurisdiction.[2] In this case, Escobar has received even more relief than he requested: His lawful permanent resident status is a greater benefit than the TPS he sought to obtain through reopening.

Nevertheless, Escobar asserts that his case falls within the limited exception to mootness for claims that are "capable of repetition yet evading review."[3] "The capable-of-repetition doctrine applies only in exceptional situations where the following two circumstances are simultaneously

---

[1] Temporary protected status is available to certain foreign nationals present in the United States whose home country is designated by the Secretary of Homeland Security as unsafe due to conflict, disaster, or other "extraordinary and temporary conditions . . . that prevent . . . nationals of the state from returning to the state in safety . . . ." 8 U.S.C. § 1254a(b)(1)(C). A country's nationals are eligible for TPS only as long as that country's official designation lasts. *Id.* § 1254a(b)(2)(B). In addition, each individual TPS recipient must re-register periodically. In this case, Escobar received TPS in 2001 and renewed his TPS in 2003. However, his next renewal application was denied, leaving him without legal status.

[2] *See Envt'l Conservation Org. v. City of Dallas*, 529 F.3d 519, 531 (5th Cir. 2008); *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

[3] *See Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000).

No. 18-60865

present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."[4]

Escobar, who bears the burden of proof,[5] does not address the first prong of the exception. As to the second, he offers no evidence for the contention that he could "be subjected to the same, or substantially similar treatment by the [BIA] in the future." It is hard to imagine how he could be, given that he now has permanent legal status. Instead, he speculates that a hypothetical "noncitizen similarly situated" might in the future be subjected to the same alleged errors by the BIA. However, the capable-of-repetition doctrine only applies where "the same legal issue . . . is likely to recur in future controversies between the *same parties*."[6] We "cannot adjudicate the rights of [those] who are not parties before" us.[7]

In sum, Escobar's receipt of lawful permanent resident status rendered the relief he sought from the BIA redundant and mooted his appeal. We therefore dismiss Escobar's petition for review for lack of subject-matter jurisdiction.

---

[4] *Id.* (internal quotation marks and alterations omitted) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

[5] *See Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010).

[6] *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (emphasis added).

[7] *Tardan v. Cal. Oil Co.*, 323 F.2d 717, 722 (5th Cir. 1963).