# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 99-60034
Summary Calendar

_____

Barbara Cowart and A.J. Durbano,
Plaintiffs-Appellants,

v.

Ingalls Shipbuilding, Inc.,
Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi

_____

June 8, 2000

Before REYNALDO G. GARZA, HIGGINBOTHAM, and JONES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:


## BACKGROUND

Plaintiffs Barbara Cowart and A.J. Durbano filed suit against Defendant, Ingalls

Shipbuilding, Inc., alleging violations of the Fair Labor Standards Act (FLSA) for failure to pay

overtime compensation. 29 U.S.C. § 201, *et seq*. On August, 7, 1997, Ingalls answered the

complaint and denied liability. On April 16, 1998, Ingalls filed a Motion for Summary Judgment,

which the district court granted. This appeal followed.

Ingalls employed Cowart and Durbano as Senior Production Planners. Cowart and

Durbano contend that they do not meet the FLSA's "salary" or "duties" tests to qualify as exempt

employees. The FLSA exempts from its overtime requirements any employee who is paid on a

salary basis and who works in a *bona fide* executive, administrative or professional capacity. *See* 29 U.S.C. § 213(a)(1). Joe E. Blevins, plaintiffs' expert witness, testified that neither Cowart nor Durbano satisfied the exemption requirements. According to Cowart and Durbano, they are not exempt employees under the FLSA because paragraph "C" of Ingalls's employment policy 5050.18A requires that salaried employees who take personal time off of a day or longer shall have deductions made from their salaries. This provision defines a day as "eight consecutive hours in one or two days," including absences which involve the last four hours of one day and the first four hours of the next day. Cowart and Durbano further contend that they do not meet the "duties" test because they do not perform work which is directly related to management policies or general business operations or requires that they regularly exercise discretion and independent judgment in their work. Although Cowart and Durbano never received a deduction in their pay due to missing a part of a day, they allege that each were required to make up missing a part of a day by working overtime.

According to Ingalls, Cowart and Durbano were paid on a salary basis during the period covered by their overtime claim, and both qualified as administrative employees under the duties test. Cowart and Durbano were paid a predetermined amount which, comprised their weekly salary. Neither Cowart nor Durbano ever had their salaries reduced for any reason.

As Senior Production Planners at Ingalls, Cowart and Durbano worked exclusively on new ship construction projects. Specifically, Plaintiffs took production drawings and planned when each component of those drawings would be fabricated and installed. They created work bills and tied the scheduled installation to particular work bills. They planned when, where, and by whom particular work would be performed, and integrated that work into Ingalls's work bill

and scheduling system. These tasks were primarily intellectual in nature and did not involve manual or mechanical work.

Ingalls asserts that its eight consecutive hours provision does not violate the FLSA. Ingalls maintains that Plaintiffs concede that there was no "actual practice" of salary deduction during the time period they worked at Ingalls. Ingalls never applied the procedure to them, or to any other employee. Ingalls contends that the pay policy could be applied to their shift workers without violating the FLSA, because those employees' work shift spans two days. According to Ingalls, because paragraph C as written and as applied to those shift employees does not violate FLSA, there can be no significant likelihood of impermissible deductions.

Finally, Ingalls argues that Cowart and Durbano qualify as administrative employees because they performed the overall planning and scheduling of the construction of sophisticated surface combatant ships and performed decision making processes every day. Thus, Ingalls asserts that they should not be compared to facility managers. Ingalls considers Plaintiffs' job duties integral parts of the administrative function of planning and scheduling ship construction. These tasks are highly important to the general business function of Ingalls' shipyard. Ingalls also presents evidence that Cowart and Durbano made in excess of $250.00 per week.

## STANDARD OF REVIEW

Courts of appeals review summary judgments *de novo*, applying the same standard as the district court. *See Duffy v. Leading Edge Prods. Inc*., 44 F.3d 308, 312 (5th Cir. 1995). This Court reviews the record independently, makes any factual inferences in favor of the non-movant, and then asks whether the movant is entitled to judgment as a matter of law. *See Degan v. Ford Motor Co.*, 869 F.2d 889, 892 (5th Cir. 1989). We will grant summary judgment if the "pleadings,

deposition, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment must show the absence of evidence in the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). If this burden is met, the non-moving party then must demonstrate with specific facts that a genuine issue of material fact exists. *See Texas Manufactured Hous. Ass'n, Inc. v. Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 2497 (1997). In addition, Ingalls has the burden of affirmatively showing that its employees come within the exceptions to the FLSA's overtime provisions. *See Foremost Dairies, Inc., v. Wirtz*, 381 F.2d 653, 656 n.4. (5th Cir. 1967), *cert. denied*, 390 U.S.946 (1968).

## ANALYSIS

The FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular workweek. 29 U.S.C. § 207 (1995). Under the FLSA's enforcement provisions, employers violating the Act may be required to pay uncompensated overtime, together with civil penalties and liquidated damages. 29 U.S.C. § 216 (1995). The FLSA exempts from its overtime requirements, however, any salaried employee who works in a *bona fide* executive, administrative, or professional capacity. 29 U.S.C. § 213(a)(1). The district court found that Cowart and Durbano are exempt employees pursuant to 29 U.S.C. § 213(a)(1) because they were paid a salary and qualified as administrative employees. We agree.

**A. Salary Test**

To be exempt, an employee must primarily have managerial or supervisory duties. 29 C.F.R. § 541.103-541.117. The employee must earn wages of at least $250 per week, and must

be paid on a "salary" basis.  29 C.F.R. § 541.117-541.118.  Under the regulations, an employee is a salaried and not an hourly employee if that person "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. . . ."  29 C.F.R. § 541.118(a).  If employees are covered by a policy which allows deductions in pay for disciplinary reasons, or other deductions in pay as a practical matter, that person cannot be considered an exempt employee.  *Auer v. Robbins*, 519 U.S. 452, 117 S.Ct. 905, 911 (1997).   This standard is met "if there is either an actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions."  *Auer*, 117 S.Ct. at 911.  An employer may, however, make deductions from a salaried employee's wages for absences of a full day or more for personal reasons or sickness.  29 C.F.R. § 541.118(a)(2)

Although Cowart and Durbano received their full weekly salary every week, they nonetheless contend that Ingalls's method of compensating them did not meet the requirements of the salary basis test for exemption from the FLSA.  Specifically, Cowart and Durbano claim they were not paid a salary because (1) they were required to make up personal time off, and (2) their salaries were allegedly subject to reduction for absences of less than one day.  In support of their argument that they were hourly employees, Plaintiffs cite 29 C.F.R. § 541.118(a) (1994), which provides:

> "An employee will be considered to be paid 'on a salary basis' within the meaning of the regulations if under his employment agreement he regularly received each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount *is not subject to reduction* because of variations in the quality or quantity of the work performed . . . ."

29 C.F.R. § 541.118(a) (1994) (emphasis added).

Plaintiffs' compensation records establish that both Cowart and Durbano were paid on a salary basis. Every week during the relevant time frame each plaintiff received the predetermined amount constituting his or her weekly salary; there was never any deduction from either Plaintiff's salary. Indeed, both Cowart and Durbano concede that there was never an instance when their paychecks were reduced for any reason.

However, Cowart and Durbano contend that if they missed part of a day of work for personal reasons, they were required to make up the missed time during that same week. In other words, if they took four hours off on Monday afternoon to run personal errands, and chose not to take vacation time, their salary was not reduced, though they were expected to make up for the missed time over the remaining four days of the week. We disagree with Cowart and Durbano that under this scenario they should have received compensation for a total of 44 hours of time, including four hours of overtime, even though they worked only forty hours. There is no support in the case law for the proposition that requiring salaried employees to make up time missed from work due to personal business is inappropriate. Although the salary basis regulation prohibits deductions from an employees's salary for personal absences of less than a day, the regulation does not prohibit an employer from requiring an employee to make up the time he misses. In the instant case, it is undisputed that there was never a deduction from Cowart or Durbano's weekly salary for any reason.

Cowart and Durbano contend that an Ingalls written procedure that permits salary deductions for absences of eight or more hours over two days violates the FLSA. Specifically, they challenge Ingalls's policy number 5050.18, which provides:

> "Deductions shall be made from the salary of a salaried employee for personal time off of a day or longer. For this purpose, a "day" is defined as eight (8) consecutive hours in one or two days; i.e., an absence of the last four hours of one day and the first four hours of the following day will be considered as an absence of a day."

Policy number 5050.18.

As support for their theory that this "eight consecutive hours over two days" rule violates the FLSA, Plaintiffs cite *Auer*, 117 S.Ct. 905 (1997). However, *Auer* merely stands for the proposition that where there is a "significant likelihood" that there will be an impermissible deduction, the exemption may be lost. Plaintiffs cite no decision, rule or regulation in which the Department of Labor or any court has determined that Ingalls's "eight consecutive hours" provision constitutes an impermissible deduction. This is because there is no such decision, rule or regulation. Furthermore, Ingalls asserts that during the course of a Department of Labor investigation of Ingalls's compensation practices in the 1980's, Ingalls was assured by the Department of Labor that a personal absence of eight consecutive hours over two days would be considered an absence of a full day or more, not a partial day, for purposes of the salary basis regulations, and that deducting from an employee's salary for a personal absence of eight or more hours over two days would not jeopardize that employee's exempt status.

This Court finds no reason to rule that Ingalls's "eight consecutive hours" provision is impermissible under the FLSA. We will not support a compensation scheme that would permit an employee to work the first hour on Monday morning and the last hour on Tuesday afternoon, take off the fourteen hours in between, and still demand to be paid in full for both days on the ground that the fourteen-hour absence was less than a full day. There is no support for this illogical result, and we therefore reject it.

Even assuming that an absence of eight or more consecutive hours over two days were an absence of less than a day, Plaintiffs still would have to demonstrate that their salaries were actually "subject to" such deductions in order to defeat their exempt status. Under *Auer*, there must be "an actual practice of making such deductions or an employment policy that creates a 'significant likelihood' of such deductions." *Auer*, 117 S.Ct. at 911. Cowart and Durbano concede that no "actual practice" of salary deductions existed during their tenure at Ingalls. Their own records, as well as their sworn testimony, confirm that neither of them ever had a single deduction from his or her paycheck for any reason at all, much less for a personal absence of eight or more hours spanning two days. In fact, the record shows that Ingalls has never applied the "eight consecutive hours" provision to reduce any employee's salary. Therefore, no "actual practice" exists. In other words, Plaintiffs argument that they were not paid a salary is based on a provision of a standard procedure that was never applied to them and has never been applied to any employee.

As a practical matter, it is doubtful that there was a "significant likelihood" that either plaintiff's salary would be reduced pursuant to this provision. There was not a "significant likelihood" that either Cowart or Durbano's salary would be reduced pursuant to provision 5050.18. Ingalls asserts that the provision in question applies to exempt employees whose shift runs from 11:00 at night until 7:00 the following morning. Accordingly, these workers have always worked an eight-hour shift which spans two days. Because Ingalls has never made any such salary deduction, Plaintiffs have no reason to believe that there was a "significant likelihood"

that Ingalls would begin such a practice with them.[1] When this is taken together with the fact that provision 5050.18 could reasonably be read to apply to exempt employees whose shift runs from 11:00 at night until 7:00 the following morning, Cowart and Durbano fail to show a "significant likelihood" of a deduction. This Court finds that the mere possibility of a deduction from certain salaried employees' pay when those employees' shifts span two work days does not effectively communicate a punishment to Ingalls' salaried employees. *See Auer*, 117 S.Ct. at 911-12 (suggesting that more than a mere possibility of a deduction is required and holding that an employment manual must "effectively communicate" that pay deductions are an anticipated form of punishment for salaried employees). Therefore, Cowart and Durbano qualify as salaried employees.

## B. Duties Test

The FLSA excludes from the requirement that employers pay overtime compensation to employees who work more than 40 hours per regular workweek those employees working in a *bona fide* executive, administrative or professional capacity. *See* 29 U.S.C. § 213(a)(1); *Dalheim v. KDFW-TV*, 918 F.2d 1220 (5th Cir. 1990). An administrative assistant is an employee whose primary duties involve performance of "office or non-manual work directly related to management policies or general business operations of this employer or his employer's customers . . . ." 29 C.F.R. § 541.2(e)(2). In addition, an exempt administrative employee must have the authority and power to make an independent choice, free from immediate direction or supervision and with

---

[1] We do not hold that the presence of an express employment policy is never enough to constitute a "significant likelihood," however, the unique facts of this case, especially that the policy has never been enforced on any employee in the history of its existence, are such that the policy does not raise a "significant likelihood."

respect to matters of significance. 29 C.F.R. § 541.207 (b)-(c)(1).

This Court finds that, under the duties test, Plaintiffs' duties primarily involved work of an administrative nature. As Senior Production Planners, Cowart and Durbano performed work that was predominantly intellectual in nature and involved little, if any, manual labor or mechanical work. Senior Production Planners at Ingalls are responsible for planning in detail all production work requirements in the shipyard. They must also ensure that adequate information is provided to the craft workers to enable them to meet contract requirements. Senior Production Planners evaluate work scope requirements, establish priorities for assigned work, and provide guidance so that work schedules can be met. In their capacities as Senior Production Planners, Cowart and Durbano were responsible for planning the sequence of new construction work to be performed by the Pipe Department and schedule the availability of materials needed to accomplish that work. These duties require the use of discretion and judgment on a daily basis in scheduling the construction of battle ships. Moreover, these responsibilities took virtually all of Plaintiffs' time on the job. Thus, the Court finds that, under the duties test, Plaintiffs duties primarily involved work of an administrative nature. *See Dalheim*, 918 F.2d 1220.

**CONCLUSION**

This Court finds that Cowart and Durbano are exempt employees pursuant to 29 U.S.C. § 213(a)(1) because they were paid a salary and qualified as administrative employees. Thus, they are not entitled to overtime compensation for work in excess of the 40 hour work week. Accordingly, as a matter of law, we AFFIRM the district court granting of Ingalls's Motion for Summary Judgment, dismissing Plaintiffs' claims with prejudice.