# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 98-41357

_____

ISMAEL ARREOLA, JR.; PAMELA CANCINO,

Plaintiffs-Appellants,

VERSUS

ZAPATA COUNTY TEXAS; A.A. FIGUEROA,
Individually and in his Official Capacity
as Employee and/or Agent of Zapata county;
JOSE VILLA REAL, Individually and in his
Official Capacity as Employee and/or Agent
of Zapata County,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
USDC No. L-96-CV-111

_____

November 30, 2000

Before: GOODWIN[1], GARWOOD and JONES, Circuit Judges.

PER CURIAM:[2]

_____

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

[2]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R.

Plaintiffs Ismael Arreola, Jr. and Pamela Cancino sued Jose Villareal, A.A. Figueroa, and Zapata County for alleged civil rights violations arising out of an incident in which Villareal threatened and intimidated the plaintiffs with a gun and attempted to arrest Arreola.  The plaintiffs now appeal the summary judgment for the County.[3]  We affirm.

We uphold the grant if the "pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  *See Cowart v. Ingall's Shipbuilding*, 213 F.3d 261 at 263-64.

The plaintiffs challenge the district court's decision to disregard the affidavits of Arreola and Michael Brinegar.  "Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."  *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).  While Arreola's

47.5.4.

[3] The district court resolved the plaintiffs' claims against Figueroa before trial, and against Villareal during trial.  The appeal does not reach those claims, and the county is the only remaining defendant.

affidavit makes broad statements alleging the prevalence of excessive force in making arrests by officers in Zapata County, and deficiencies in the County's training of law enforcement officers, he fails to establish any causal relationship between these generalities and his claim against the County. Similarly, Brinegar states his view that the County failed to comply with appropriate practice without supporting this assertion with specific facts. Brinegar provides no evidence in support of his opinion. His recital of his personal qualifications as an expert witness sheds no light on any fact in this case. *See Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992) (requiring that assertions by an expert witness cannot be "uprooted in factual foundation or proven expertise"). There was no error in disregarding the affidavits of Arreola and Brinegar.

The plaintiffs attempt to impose vicarious liability upon the County because the county prosecutor had hired Villareal, and retained him as an investigator, after Villareal had earned a reputation as a beligerant and aggressive bully, who when off duty, and intoxicated, had fired his county-supplied hand gun at an individual during a confrontation at a private social affair. Because the events out of which this claim arose also occurred at a private party, where the off-duty investigator again produced a weapon and fired at or near the plaintiffs, the plaintiffs contend that Villareal was acting under color of law and in the course of his

employment. There was, however, no evidence that Villareal was acting in any official capacity, but was simply a rogue employee, off duty, intoxicated, and again misbehaving. There was no error in concluding Villareal was not on duty, and was not acting in the course or scope of his employment.

We also affirm the summary judgment on the adequacy of the County's training policy. The County produced substantial evidence that all employees received training on the proper use of force and firearms. Although Villareal himself testified that, as an employee, he did not receive proper training in firearms, civil rights, and the use of alcohol prior to an earlier shooting incident, in which he was involved, the plaintiffs did not establish that Villa real's alleged training deficiency persisted after the earlier episode. In any event, plaintiffs failed to show any causal connection between Villareal's training and supervision while an employee of the county and Villareal's conduct as a private citizen when he was off duty at a private social gathering and not working for the county in any capacity when the events out of which the claim arose took place.

The plaintiffs have not identified a disputed material fact to support a claim that the county had a policy or practice which encouraged officers to employ excessive force while on duty, and clearly nothing to connect the county with causing Villareal to misbehave while on his own time at a private party.

Plaintiffs attempted to impose vicarious liability upon the county by proof of four incidents in three years in which citizens were injured or endangered by intentional or negligent misconduct of unidentified law enforcement officers. When officers misbehave while on duty, see *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). *See also Brown v. Bryan County, OK*, 219 F.3d 450, 474 (5th Cir. 2000) ("[T]he plaintiff must establish something more than a single instance of injury or an isolated case of one poorly trained employee.").

Three of the plaintiffs' proffered four prior instances of excessive force used by County sheriff's officers were of slight relevance in this case because Villareal had not worked for the sheriff. Villareal's employment, when he was on duty, was as an investigator for the prosecuting attorney's office, not the sheriff. Plaintiffs offered evidence that Villareal himself had been charged with prior misconduct involving a firearm, allegedly firing his County-issued gun at one Victor Salinas. Accordingly, there was some evidence that some branch of County government had notice of Villareal's potential for engaging in dangerous misconduct, when off duty. He had been disciplined, and had returned to duty. But the events leading to this litigation arose at a private party where Villareal was apparently drinking and behaving in an irresponsible manner as a private citizen.

The County's failure to act on its knowledge of prior misbehavior might have

been relevant in a claim against the County arising out of misconduct on the part of Villareal in the context of the course of his employment as an investigator for the prosecuting attorney. However, Villareal was off duty and the employment relationship was not causally related to the plaintiffs' injury. *See Languirand v. Hayden*, 717 F.2d 220, 226 (5th Cir. 1983) (observing that plaintiffs bringing § 1983 actions alleging police misconduct "must show that the defendant was adequately put on notice of prior misbehavior") (citing *McClelland v. Facteau*, 610 F.2d 693, 697 (10th Cir. 1979)). In one case of an off duty officer involved in a barroom affray, the Supreme Court determined that certiorari had been improvidently granted, and dismissed the employer's petition when it appeared that the defendant local government had treated the episode as within the scope of employment and had paid workmen's compensation benefits to the off duty officer for injuries he sustained in the affray. See *Belcher v. Stengel, et al.* 429 U.S. 118 (1988). Plaintiffs have produced no evidence of any linkage between the behavior of Villareal and his employment.

The three other prior acts of excessive force were committed by Sherriff's Office employees while on duty, but there was no evidence that these episodes were caused by a county-wide failure to train and supervise officers across the payroll of the County. The relevant § 1983 inquiry need not be restricted to the particular

office in which the alleged violation took place, but for the purpose of holding the County liable for misconduct of an employee or a former employee, the plaintiff must show some causal connection between the employment and the injury.

The summary judgment in favor of the County is

AFFIRMED