# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 00-50731
Summary Calendar

---

EVA L. CAIN,

Plaintiff - Appellant,

versus

CINDY BLACKWELL, doing business
as Advanced Home Heath; ADVANCED
RESPIRATORY CARE, INC.,

Defendants - Appellees.

---

Appeal from the United States District Court
for the Western District of Texas

---

April 16, 2001

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

POLITZ, Circuit Judge:

Eva L. Cain appeals an adverse summary judgment in her action against her employer in which she advances claims under Title VII and the Texas Commission of Human Rights Act. For the reasons assigned, we affirm.

## BACKGROUND

Cain began working for Advanced Respiratory Care, Inc. in 1992. In November 1995, Advanced began providing home health services to one Harry Marcus, an elderly man suffering from Alzheimer's and Parkinson diseases, who often was disoriented and irritable and who had been declared incompetent by a Texas state court. Advance provided around the clock care-taking services for Marcus at his home, with employees working 12 hour shifts. Their duties included assisting with bathing, grooming and personal hygiene, preparing meals, helping with grocery shopping and laundry, and general assistance around the house. Cindy Blackwell, owner and manager of Advanced, asked Cain if she was willing to work with Marcus. Cain agreed with full knowledge of the relevant facts.

Cain complains of various statements and actions by Marcus during her seven months of work at his residence. Marcus is said to have repeatedly propositioned her for sex, and repeatedly called her disparaging names, including racial epithets after being told that Cain had once dated a black man. Cain says that she reported the comments to both her immediate supervisor, Linda Davis, and to Blackwell. Cain stated that Blackwell told her not to take the comments personally and to consider the source. Cain also complained to her supervisor about another Advanced employee who purportedly performed a lewd sex act in front of her while at Marcus's home. During

an interview regarding this incident, Cain was asked if she desired reassignment. She responded that she would continue to care for Marcus if the other employee did not work with her.

On June 19, 1996, Blackwell met with Cain to discuss her nursing notes containing references to Marcus's inappropriate behavior. Blackwell told Cain that information regarding Marcus's sexual and racial remarks more appropriately belonged in an incident report, and asked her to rewrite her nursing notes, deleting those references. Blackwell suspended Cain for a week with pay and Cain agreed to re-write the notes. Cain returned the next day, however, informing Blackwell that the nursing notes were not inappropriate and she refused to re-write them. Blackwell attested that she subsequently overheard Cain lying about a previous conversation with another Advanced employee. When Blackwell confronted Cain about her statement Cain responded with a sexual expletive and left the building. Blackwell fired Cain, citing her lie about what the other employee had said and her acts of insubordination.

Cain brought the instant action for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act. The summary judgment dismissing same was timely appealed.

## ANALYSIS

3

We review *de novo* the district court's grant of summary judgment.[1] "This Court reviews the record independently, makes any factual inferences in favor of the non-movant, and then asks whether the movant is entitled to judgment as a matter of law."[2]

I.      Title VII and TCHRA Hostile Work Environment Claim

The district court found no genuine issues of material fact with respect to appellant's claims of a hostile work environment. We agree. In order to establish a *prima facie* case of hostile work environment based on sexual harassment, Cain must show that: (1) she belongs to a protected class; (2) was subjected to unwelcome sexual harassment; (3) the harassment was based on her sex; (4) the harassment affected a term, condition, or privilege of her employment; and (5) Advanced knew or should have known of the harassment and failed to take remedial action.[3] It is manifest that the summary judgment evidence does not establish a *prima facie* case.[4]

When determining whether a workplace constitutes a "hostile work

---

[1]   Mercury Air Group, Inc. v. Mansour, 237 F.3d 542 (5th Cir. 2001).

[2]   Cowart v. Ingalls Shipbuilding, Inc., 213 F.3d 261, 263 (5th Cir. 2000); FED. R. CIV. P. 56(c).

[3]   B.T. Jones v. Flagship Int'l., 793 F.2d 714 (5th Cir. 1986).

[4]   We note that whereas Cain originally asserted that the incident involving another employee performing a lewd sex act at Marcus's home constituted sexual harassment, she does not advance that argument on appeal.

4

environment," courts closely consider the "frequency of the discriminatory conduct; its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[5] We agree with the district court that the behavior of which Cain complains does not rise to the level of sexual harassment under Title VII or the TCHRA. While clearly crude, humiliating, and insensitive, the unique circumstances in this case makes the elderly and obviously impaired Marcus's commentary insufficient to establish sexual harassment.

The home health care industry was created to assist individuals who lack the ability to care for themselves. Many of these individuals become dependent on home health care as a direct result of debilitating diseases such as Alzheimer's and Parkinson's. As an Advanced employee, Cain's daily routine included dealing with the victims of those diseases and their particular failings. In this context, Marcus's improper requests and tasteless remarks can not form the basis of a justiciable claim for sexual harassment. We note that Cain never alleged any physical conduct that made her feel threatened, nor did she accept Advanced's offer of reassignment, relieving her of the responsibility of care-taking for Marcus. Marcus's unacceptable but pitiable conduct was not so severe or pervasive as to interfere unreasonably with Cain's work

---

[5] Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

performance or, given the circumstances, to create an abusive work environment. There is no error in the district court's entry of summary judgment on Cain's claim for sexual harassment.

II.     Retaliation

We also agree that summary judgment on Cain's retaliation claim was appropriate. To establish a retaliation claim, Cain must show that she engaged in a protected activity, resulting in an adverse employment action. She also must establish a causal link between her participation in the protected activity and the complained of adverse employment action.[6] The district court assumed *arguendo* that Cain established a *prima facie* case, but found insufficient evidence to rebut Advanced's non-discriminatory reasons for her termination.[7] We need not reach the burden shifting paradigm discussed by the district court because the record fully reflects that Cain failed to establish a *prima facie* case.

We accept Cain's assertions that she complained about Marcus's comments and

---

[6] Thomas v. Texas Dept. of Criminal Justice, 220 F.3d 389 (5th Cir. 2000) (citing Mattern v. Eastman Kodak, 104 F.3d 702, 705 (5th Cir.1997)).

[7] As discussed by the district court, once a plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the defendant to show a non-discriminatory reason for the adverse employment action. McMillan v. Rust College, Inc., 710 F.2d 1112 (5th Cir. 1983). If defendant does so, the burden shifts back to the plaintiff to show, with "sufficiently egregious" facts, that such reason is merely a pretext for discrimination. Id.; Brown v. CSC Logic, Inc., 82 F.3d 651, 658 (5th Cir. 1996).

that Blackwell thought Cain wanted to assist a co-worker with an EEOC complaint. Both types of conduct fall within the category of protected activity. Further, Advanced acknowledges that it terminated Cain and termination constitutes an adverse employment action. The record, however, contains insufficient evidence of any causal connection to establish a *prima facie* case of discrimination. Most notably, Cain does not dispute that while Blackwell directed that Cain delete any reference to Marcus's comments from her nursing notes, Blackwell also directed that Cain document the discrimination in an incident report. Nothing in the record indicates that Blackwell attempted to conceal the allegations about Marcus[8] or that Cain's interest in assisting a co-worker with an EEOC complaint played any role whatsoever in Blackwell's decision to dismiss her. To the contrary, few would question a manager's decision to terminate an employee for an insulting remark and then for summarily leaving the manager's office. The record fails to support a *prima facie* case of retaliation and the district court properly entered summary judgment for Advanced on this claim.

III.    Conclusion

Finding no error whatsoever in the district court's entry of summary judgment on plaintiff's claims for sexual harassment and retaliation, and on the facts as found,

---

[8] As pointed out by the district court, incident reports would prove much easier to obtain through discovery than confidential patient records.

authorities cited, and analysis made by the district court, we AFFIRM.