IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31345

_____

CAROL DENISE MAYBERRY,

Plaintiff - Appellant,

versus

CONOCO, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
U.S.D.C. No. 99-CV-411

_____

December 27, 2001

Before JOLLY and PARKER, Circuit Judges, and SPARKS,[*] District Judge.

PER CURIAM:[**]

Carol Mayberry was employed by Conoco from November 3, 1990 to July 31, 2000. Mayberry alleges that during that time she suffered sexual harassment because of a hostile work environment in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1). The district court granted Conoco's motion for summary judgment, finding, inter alia, that Mayberry's sex discrimination complaint was time-barred.

Because Mayberry has failed to show that she suffered any act

[*]District Judge of the Western District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of sexual harassment during the 300 days before she filed her EEOC charge, we affirm the district court's grant of summary judgment.

## II

On September 3, 1998, Mayberry filed a charge with the EEOC. The EEOC issued a "right to sue" letter. On March 10, 1999, Mayberry filed a complaint against Conoco alleging (1) sex discrimination (i.e, sexual harassment through a hostile work environment); (2) discrimination in the terms of conditions of employment based on her disability (an Americans with Disabilities Act (ADA) claim); and (3) a retaliation-based claim. Conoco moved for summary judgment. The district court granted Conoco's motion, holding that (1) Mayberry's sex discrimination claim was time-barred; (2) Mayberry's ADA claim did not raise a genuine issue of material fact; and (3) Mayberry had failed to show any retaliation by Conoco induced by her in-house or EEOC discrimination complaints. Mayberry appeals only the district court's holding that her sex discrimination claim was time-barred.

## III

To establish that her sex discrimination claim is not time-barred, Mayberry must show that she suffered an act of discrimination within 300 days of the date she filed her charge with the EEOC.[1]

---

[1]The district court wrongly applied a 180-day limitation period in this case. Because Louisiana is a deferral state, the 300-day limitation period applies. See Mennor v. Fort Hood National Bank, 829 F.2d 553, 554-55 (5th Cir. 1987).

2

On September 3, 1998, Mayberry filed her charge with the EEOC; 300 days prior to this date is November 7, 1997. The question is simple: Did Mayberry suffer sexual harassment between November 7, 1997 and September 3, 1998?

To establish a sex discrimination claim based on sexual harassment a plaintiff must show that "(1) she belongs to a protected class; (2) was subjected to unwelcome sexual harassment; (3) the harassment was based on her sex; (4) the harassment affected a term, condition, or privilege of her employment; and (5) [the employer] knew or should have known of the harassment and failed to take remedial action." Cain v. Blackwell, 246 F.3d 758, 760 (5th Cir. 2001). "Whether an environment is hostile or abusive depends on a totality of circumstances, focusing on factors such as the frequency of the conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with the employee's work performance." Weller v. Citation Oil & Gas Corp., 84 F.3d 191, 194 (5th Cir. 1996) (citation omitted).

The activities that took place during that relevant time period include: (1) Clark's and Young's statements that they would not support her for promotion; (2) the human resources department's suggestion that Mayberry see a psychiatrist; (3) Conoco's requests for additional documentation showing that Mayberry was actually

3

sick when taking sick leave; (4) the anonymous note left on Mayberry's desk suggesting that she was taking advantage of Conoco's sick leave policy; and (5) Conoco's refusal to provide Mayberry with a home office.

Mayberry contends that each of these activities alone -- or, alternatively, the activities taken together -- created a hostile work environment. We find this argument to be without merit. For an activity (or set of activities) to create a hostile work environment, the activity must be related to the sex of the employee. Weller, 84 F.3d at 194 (citations omitted).

In the instant case, the activities in question were not based on Mayberry's sex. We examine each activity in turn.

First, there are Clark's and Young's statements that they would not support Mayberry for promotion. Before these statements were made, Mayberry missed countless days of work due to illness. The record shows that the reason that Clark and Young did not support Mayberry for promotion was because she was regularly absent from work -- not because she was a woman.

Second, there is the human resources department's request that Mayberry seek psychiatric care. Mayberry provides no evidence that the human resources department made this request because of her sex; that is, Mayberry offers no evidence that the people working in human resources had some gender-based animus. The record shows that the human resources department suggested mental health care

4

because Mayberry gave the appearance that she was having mental health problems.

Third, there is Conoco's request for additional documentation to prove that Mayberry was actually sick when on sick leave. The record shows that Mayberry was constantly sick. Conoco's request for this documentation therefore appears reasonable. Mayberry provides no evidence connecting these requests to the fact that she is a woman.

Fourth, there is the anonymous note that was left on Mayberry's desk suggesting that she was taking advantage of the sick leave policy. As noted above, Mayberry was continually out sick from work. She then took a vacation. Although the note might be considered rude, there is no evidence that it was in any way based on Mayberry's sex.

Finally, there is Conoco's refusal to set-up a home office for Mayberry. The reason Conoco did not provide Mayberry this benefit is unclear from the record. Nevertheless, Mayberry must raise a "genuine issue of material fact" to survive Conoco's motion for summary judgment. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1196 (5th Cir. 1986). Mayberry points to no evidence that supports an argument that because Mayberry was a woman, Conoco refused to set up a home office.

In sum, Mayberry has failed to provide any evidence that shows she suffered sexual harassment through a hostile work environment during the 300 days prior to filing a charge with the EEOC. In

that period, each of the activities -- which Mayberry contends created the hostile environment -- was based on factors other than her sex.

Accordingly, we find that Mayberry's sex discrimination claim is time-barred.[2]  The district court's grant of summary judgment is

A F F I R M E D.

---

[2]Mayberry also argues that we should toll the statute of limitations period because there was a "continuing violation" of her rights.  This argument is without merit.  "The continuing violation theory relieves a plaintiff of establishing that all of the complained-of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period."  See Messer v. Meno, 130 F.3d 130, 134 (5th Cir. 1997)(citing Berry v. Board of Supervisors of LSU, 715 F.2d 971, 979 (5th Cir. 1983)).  In short, Mayberry must "link" conduct occurring within the relevant period with conduct that occurred before the relevant time period.  See Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998).  Mayberry has not provided any evidence to show that such a link exists in this case.