Melissa OLSEN, Plaintiff

v.

H.E.B. PANTRY FOODS, Defendant

No. 9:00–CV–255.

United States District Court,
E.D. Texas,
Lufkin Division.

Jan. 10, 2002.

Gary W. Rholes, Center, TX, for Plaintiff.

David L. Allen, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, for Defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is the defendant's Motion for Summary Judgment and the court having considered the motion is of the opinion that Summary Judgment should be Granted in part and Denied in part.

## I. BACKGROUND

Plaintiff Melissa Olsen ("Olsen"), claims she was subject to sexual harassment while employed by defendant H.E.B. Pantry Foods ("H.E.B."). Olsen claims she was subject to a hostile work environment, quid pro quo sexual harassment, and unlawful retaliation for reporting the harassment. During the later part of 1998, H.E.B.'s Meat Department Head, Charles Williams, made inappropriate sexual comments to Olsen, touched Olsen's hair, and engaged in sexual banter with co-employees. Olsen made an initial complaint to H.E.B. on January 4, 1999. Mr. Williams was immediately suspended, and an investigation was conducted on January 7, 1999. H.E.B. discharged Mr. Williams on January 12, 1999, for violating its sexual harassment policy. H.E.B. discharged Olsen on May 11, 1999, for purportedly falsifying her time sheet on April 14, 1999.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is not favored in claims of employment discrimination, but is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Waggoner v. City of Garland,* 987 F.2d 1160, 1164 (5th Cir.1993); Fed.R.Civ.P. 56(c). A genuine issue exists if a reasonable fact-finder could return a verdict for the non-movant. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 885–86, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The court should view the evidence, and inferences from that evidence, in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 478, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Evans v. City of Bishop,* 238 F.3d 586, 589 (5th Cir.2000). Particularly in Title VII cases, courts must refrain from engaging in the jury functions of making credibility determinations, weighing the evidence, or drawing legitimate inferences from the facts. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

## III. QUID PRO QUO CLAIM

Olsen makes both a quid pro quo and hostile work environment claim, however, the facts alleged could only support a hostile work environment claim. Olsen does not allege she suffered a tangible employment action as a result of refusing

to submit to a supervisor's sexual demands (as opposed to reporting the harassment), therefore, her quid pro quo claim is summarily dismissed to the extent it varies from her hostile work environment claim. *See Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) (noting that the terms quid pro quo and hostile work environment do not appear in the statutory text of Title VII, and are only helpful, perhaps, in making a rough demarcation between the cases).

## IV. HOSTILE WORK ENVIRONMENT CLAIM

 Summary judgment on the hostile work environment claim will be granted if there is no genuine issue of material fact that would support sexual harassment. The first issue is whether Williams was in a supervisory position over Olsen. *Faragher v. City of Boca Raton,* 524 U.S. 775, 803, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (recognizing the difference between harassment from a supervisor and a co-worker). "The supervisor has been empowered by the company as a distinct class of agent to make economic decisions affecting other employees under his control." *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 762, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). "An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Id.* at 765, 118 S.Ct. 2257. However, when no tangible employment action is taken, an employer may raise a two part affirmative defense. *Id.* The employer must prove by a preponderance of the evidence, that 1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and 2) the plaintiff employee unreasonably failed to take advantage of preventative and corrective opportunities provided by the employer. *Id.*

Based upon the pleadings, there is insufficient evidence to conclude Williams was not a supervisor. Though it is doubtful Williams actually possessed power to make economic decisions affecting Olsen, to proceed in a light most favorable to Olsen, the court will assume for purposes of this analysis Williams was a supervisor. Secondly, Olsen did suffer a tangible employment action, however, even she contends it was in retaliation for her complaint about Williams. The employment action did not originate from Williams. Thus, this is properly a hostile work environment type claim. As such, H.E.B. can assert the two part affirmative defense, if a hostile work environment is found to have existed.

 To establish a claim of sexual harassment (hostile work environment), Olsen must show 1) she belongs to a protected class, 2) she was subject to unwelcome sexual harassment, 3) the harassment was based on sex, 4) the harassment affected a term, condition, or privilege of employment, and 5) HEB knew or should have known about the harassment and failed to take remedial action. *Cain v. Blackwell,* 246 F.3d 758, 760 (5th Cir.2001). However, as stated above, H.E.B. is vicariously liable if a hostile work environment existed because Williams was a supervisor for the purposes of this analysis, so the fifth prong establishing direct liability via negligence is not necessary. Assuming the first three prongs are routinely met, the next step for a hostile work environment claim is that the harassment in the above fourth prong must be so severe or pervasive as to alter the condition of Olsen's employment and create an abusive working environment. *Meritor Savings Bank FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Casiano*

*v. AT&T Corporation,* 213 F.3d 278, 284 (5th Cir.2000).

Viewing the affidavits and deposition testimony, as summary judgment evidence, in the light most favorable to Olsen, there is the existence of a genuine issue of material fact as to whether the alleged sexual harassment rises to the level of severe and pervasive. Although tenuous, a reasonable jury could find that the comments and touching rose to the level of severe and pervasive. The analysis does not end here, however, as HEB raises the affirmative defense.

█ HEB contends it exercised reasonable care to prevent and correct any sexually harassing behavior, and Olsen failed to take adequate and appropriate advantage of any preventative or corrective opportunities. HEB had a sexual harassment policy in effect, and its human resources department took immediate action upon Olsen's complaint. Williams was suspended during the investigation by human resources, and discharged in accord with HEB's zero tolerance policy eight days after plaintiff's initial complaint. Additionally, Olsen never worked with Williams again after she complained. *Darland v. Staffing Resources, Inc.,* 41 F.Supp.2d 635, 638–639 (N.D.Tex.1999). HEB satisfied the first prong of the affirmative defense by having a sexual harassment policy and taking immediate remedial action as soon as Olsen complained of Williams's behavior by suspending and eventually firing Williams as a result of Olsen's complaint. Secondly, Olsen failed to take advantage of HEB's sexual harassment policy and complaint procedures by waiting two months after the initial comments were made by Williams to complain. As soon as Olsen complained, HEB's human resource department took care of the offending conduct. Therefore, the harassment Olsen suffered was a result of her failure to initially inform HEB of the harassing behavior, thereby satisfying the second prong of the affirmative defense. As a result, HEB is entitled to summary judgment on Olsen's sexual harassment claim.

## V. RETALIATION CLAIM

█ To establish a *prima facie* retaliation claim, Olsen must show she 1) engaged in a protected activity, 2) suffered an adverse employment action, and 3) there was a causal link between the protected activity and the adverse employment action. *Cain v. Blackwell,* 246 F.3d 758, 760 (5th Cir.2001). The burden-shifting analysis that applies in a Title VII disparate treatment action also applies to a claim of unlawful retaliation based on circumstantial evidence. *Long v. Eastfield College,* 88 F.3d 300, 304 (5th Cir.1996). Therefore, once a *prima facie* case is constructed, a presumption of discrimination arises which the defendant must refute by articulating a legitimate, nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If such a reason is then articulated that would support a finding that the action was nondiscriminatory, the inference of discrimination raised by the *prima facie* case disappears. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 510, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The plaintiff then has the burden of proving that the Title VII protected activity was a 'but for' cause of the adverse employment decision. *Seaman v. CSPH, Inc.,* 179 F.3d 297, 301 (5th Cir. 1999). As direct evidence of discrimination is rare, a Title VII plaintiff may rely on circumstantial evidence to prove her claims. *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 449 (5th Cir.1996). If the plaintiff establishes a prima facie case and produces evidence that the reasons given

by the employer for the adverse employment decision were pretextual, a jury may infer the existence of retaliation. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 519–20 (5th Cir.2001). Therefore, HEB is entitled to summary judgment if the evidence as a whole, would not permit a reasonable factfinder to infer that the true reason Olsen was fired was discriminatory. *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 994 (5th Cir.1996).

■ Olsen has established a *prima facie* case for Title VII retaliation. HEB has refuted the presumption of discrimination by articulating a nondiscriminatory reason for Olsen's firing, specifically that Olsen falsified her time sheet. Olsen can establish HEB's intentional discrimination by demonstrating the articulated nondiscriminatory reason is pretextual. *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. 1817. There remain issues of material fact as to whether HEB's reason for firing Olsen was pretextual, for that reason, summary judgment should not be granted on Olsen's Title VII retaliation claim.

### VI. CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part defendant's Motion for Summary Judgment. Accordingly, plaintiff's sexual harassment claims against HEB are dismissed with prejudice. The court DENIES defendants summary judgment on the Title VII retaliation claim.