**Patience FAVER, Plaintiff**

**v.**

**INTERNATIONAL PAPER COMPANY, Defendant**

**No. 9:01–CV–97.**

United States District Court,
E.D. Texas,
Lufkin Division.

Jan. 10, 2002.

Curtis B. Stuckey, Stuckey Garrigan & Castetter, Nacogdoches, TX, for Plaintiff.

Jonathan P. Harmon, Kristin P. Walinski, McGuire Woods LLP, Richmond VA, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, for Defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is the defendant's Motion for Summary Judgment and the court having considered the motion is of the opinion that Summary Judgment should be Granted in part and Denied in part.

## I. BACKGROUND

Plaintiff Patience Faver ("Faver"), brings this Title VII action against defendant International Paper Company ("International"). Faver claims she was subjected to sexual harassment and unlawful retaliation after she reported the harassment. Faver began working at International's Corrigan facility on July 10, 2000, as a probationary employee. On July 16, 2000, during her sixty day probationary period, Faver was transferred to the Greenend department. Faver worked the third shift, 5:00 p.m. to 3:00 a.m., under the supervision of Arnulfo Cuevas. Faver was responsible for pulling pieces of wood, "strips" and "fishtails", off conveyor belts and stacking them onto a rack. Around August 8, 2000, Faver complained to Ann Lemmond, International's Human Resources Generalist, about the comments and actions of Salvador Segura, a co-employee. Also, around the same time, Arnulfo Cuevas gave Faver a written warning for poor work performance. Ann Lemmond promptly investigated the harassment claim by conducting a meeting with Faver and Arnulfo Cuevas, Salvador Segura, and interviewing Faver's co-workers to determine if the events actually took place. Upon finding no evidence, Ann Lemmond warned Salvador Serura to refrain from harassing behavior or comments. At the meeting between Faver, Ann Lemmond, and Arnulfo Cuevas, concerning the alleged harassment, Faver's work performance was also discussed and Lemmond and Cuevas informed Faver her performance would have to improve or she would be discharged. On August 14, 2000, Faver was terminated for poor performance.

## II. SUMMARY JUDGMENT STANDARD

█ Summary judgment is not favored in claims of employment discrimination, but is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Waggoner v. City of Garland*, 987 F.2d 1160, 1164 (5th Cir.1993); Fed.R.Civ.P. 56(c). A genuine issue exists if a reasonable fact-finder could return a verdict for the non-movant. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885–86, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The court should view the evidence, and inferences from that evidence, in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 478, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir.2000). Particularly in Title VII cases, courts must refrain from engaging in the jury functions of making credibility determinations, weighing the evidence, or drawing legitimate inferences from the facts. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

## III. HOSTILE WORK ENVIRONMENT CLAIM

█ Summary judgment on the hostile work environment claim will be granted if there is no genuine issue of material fact that would support sexual harassment. To establish a claim of sexual harassment, Faver must show 1) she belongs to a protected class, 2) she was subject to unwelcome sexual harassment, 3) the harass-

ment was based on sex, 4) the harassment affected a term, condition, or privilege of employment, and 5) International knew or should have known about the harassment and failed to take remedial action. *Cain v. Blackwell,* 246 F.3d 758, 760 (5th Cir.2001). For a hostile work environment claim, the harassment in the above fourth prong must be so severe or pervasive as to alter the condition of Faver's employment and create an abusive working environment. *Meritor Savings Bank FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Finally, to impute liability to the employer, Faver must show that 1) International knew or should have known about the harassment and failed to take remedial action, or 2) that Segura was a supervisor. *Mims v. Carrier Corp.,* 88 F.Supp.2d 706, 717–18 (E.D.Tex.2000); *Faragher v. City of Boca Raton,* 524 U.S. 775, 797, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Faver does not contend in her response that Segura was supervisor, so there is no vicarious liability issue to be considered.

■ Faver fails to present evidence that meets the fourth or fifth prong for sexual harassment. In determining whether a workplace constitutes a hostile work environment, courts consider the frequency of the conduct, its severity, if it is physically threatening or humiliating or merely an offensive utterance, and if it unreasonably interferes with an employee's work performance. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

■ Lemmond immediately investigated the alleged harassment by Segura. Although Lemmond concluded there was no harassment, she counseled Segura on inappropriate behavior and advised Faver to report any future violations. The prompt actions taken by Lemmond make it impossible to find that Segura's alleged conduct could have been frequent or severe, or that International failed to take remedial ac-

tion. International is therefore entitled to summary judgment on Faver's sexual harassment claim because there is no issue of fact that could give rise to finding a hostile working environment existed.

## IV. RETALIATION CLAIM

■ To establish a *prima facie* retaliation claim, Faver must show by a preponderance of the evidence she 1) engaged in a protected activity, 2) suffered an adverse employment action, and 3) there was a causal link between the protected activity and the adverse employment action. *Cain v. Blackwell,* 246 F.3d 758, 760 (5th Cir. 2001). The burden-shifting analysis that applies in a Title VII disparate treatment action also applies to a claim of unlawful retaliation based on circumstantial evidence. *Long v. Eastfield College,* 88 F.3d 300, 304 (5th Cir.1996). Therefore, once a *prima facie* case is constructed, a presumption of discrimination arises which the defendant must refute by articulating a legitimate, nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If such a reason is then articulated that would support a finding that the action was nondiscriminatory, the inference of discrimination raised by the *prima facie* case disappears. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 510, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The plaintiff then has the burden of proving that the Title VII protected activity was a 'but for' cause of the adverse employment decision. *Seaman v. CSPH, Inc.,* 179 F.3d 297, 301 (5th Cir.1999). As direct evidence of discrimination is rare, a Title VII plaintiff may rely on circumstantial evidence to prove her claims. *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 449 (5th Cir. 1996). If the plaintiff establishes a prima facie case and produces evidence that each of the nondiscriminatory reasons given by

the employer for the adverse employment decision were pretextual, a jury may infer the existence of retaliation. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 519–20 (5th Cir.2001). Therefore, International is only entitled to summary judgment if the evidence as a whole, would not permit a reasonable factfinder to infer that the true reason Faver was fired was discriminatory. *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir.1996).

■ Faver has established a *prima facie* case for Title VII retaliation. International has refuted the presumption of discrimination by articulating a nondiscriminatory reason for Faver's firing, specifically that Faver performed poorly. Faver can establish International's intentional discrimination by demonstrating the articulated nondiscriminatory reason is pretextual. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817. There remain issues of material fact as to whether International's reason for firing Faver was pretextual, for that reason, summary judgment should not be granted on Faver's Title VII retaliation claim.

## V. CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part defendant's Motion for Summary Judgment. Accordingly, plaintiff's sexual harassment claims against International are dismissed with prejudice. The court DENIES defendants summary judgment on the Title VII retaliation claim.