REVISED January 22, 2010

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2010

Charles R. Fulbruge III
Clerk

No. 09-30307

LIBERTARIAN PARTY; LIBERTARIAN PARTY OF LOUISIANA; BOB BARR; WAYNE ROOT; SOCIALIST PARTY USA; BRIAN MOORE,

Plaintiffs - Appellants

v.

JAY DARDENNE, In His Official Capacity as Louisiana Secretary of State,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Appellants—the Libertarian Party, the Socialist Party, and their candidates—appeal the district court's dismissal of their complaint as moot, and the district court's denial of their request for fees under Federal Rule of Civil Procedure ("Rule") 4(d). Finding no reversible error, we AFFIRM.

I. FACTS AND PROCEDURAL BACKGROUND

Appellants were excluded from Louisiana's 2008 presidential ballot because they failed to file their qualifying papers by the applicable filing

deadlines. Pursuant to a Louisiana statute, the filing deadline for the Socialist Party was September 2, and the filing deadline for the Libertarian Party was September 5. Because of Hurricane Gustav, the Louisiana Secretary of State (the "Secretary") unilaterally allowed parties to file their qualifying papers on September 8, 2008. Appellants did not file their papers until after the 8th of September. Because Appellants failed to file their papers by September 8, the Secretary informed Appellants that they would not be placed on Louisiana's 2008 presidential ballot. Appellants then brought this suit against the Secretary, seeking, among other things, a declaratory judgment stating that the Secretary's September 8 deadline was unconstitutional. Appellants contend that the Secretary lacked the power to set a deadline different from that of the statute unilaterally.[1]

While this suit was pending before the district court, the 2008 presidential election passed, and, on that basis, the Secretary moved to dismiss Appellants' complaint as moot. Appellants argued that their complaint was not moot because their challenge to the Secretary's September 8 deadline fell under the "capable of repetition, yet evading review" exception to mootness. The district court rejected Appellants' argument and dismissed their complaint as moot.

Appellants also argued that they were entitled to costs and fees under Rule 4(d)'s mandatory waiver-of-service provision. The district court denied Appellants' motion for costs and fees, finding that the Secretary was not subject to Rule 4(d)'s mandatory waiver-of-service provision because he was sued in his official capacity.

---

[1] Appellants do not contend, however, that the Secretary was required to set in motion the statutorily-prescribed method for extending a filing deadline. LA. REV. STAT. ANN. § 18:401.1.B (2009) (stating that the Governor of Louisiana and the Secretary, acting together, "may . . . suspend or delay any qualifying of candidates").

## II. DISCUSSION

In this appeal, Appellants challenge both the mootness finding and the Rule 4(d) decision. We address each in turn.

### A. Mootness

Appellants contend that their request for a declaratory judgment stating that the Secretary's conduct was unconstitutional is not moot because it falls under the "capable of repetition, yet evading review" exception to mootness. See Ctr. for Individual Freedom v. Carmouche, 449 F.3d 655, 661 (5th Cir. 2006) (explaining that the "capable of repetition, yet evading review" exception is an exception to the rule that requires "'[t]he requisite personal interest that must exist at the commencement of litigation (standing) [to] continue throughout its existence (mootness)'" (quoting U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980))). There are two prongs to the "capable of repetition, yet evading review" exception, and Appellants, who are the plaintiffs, bear the burden of proving both prongs. Davis v. FEC, 128 S. Ct. 2759, 2769 (2008); Ill. State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 187-88 (1979) (showing that plaintiffs bear the burden of proof); see Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) ("[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.").

Whether a case is moot is a question of law that we review de novo. Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs, 217 F.3d 393, 396 (5th Cir. 2000) (citing Harris v. City of Houston, 151 F.3d 186, 189 (5th Cir. 1989)). We find that Appellants have failed to meet their burden under the exception's "capable of repetition" prong.[2]

Under the exception's "capable of repetition" prong, Appellants "must show either a 'demonstrated probability' or a 'reasonable expectation,'" Oliver v. Scott,

---

[2] As a result, we need not reach the question of whether Appellants lack standing to contest the Secretary's allegedly unlawful act because they were not harmed by it.

276 F.3d 736, 741 (5th Cir. 2002), that they will "be subject to the same [unlawful governmental] action again," Weinstein v. Bradford, 423 U.S. 147, 149 (1975). A "mere physical or theoretical possibility" is not sufficient to satisfy this prong of the exception. Murphy v. Hunt, 455 U.S. 478, 482 (1982). The allegedly unlawful governmental action in this case is the Secretary's unilateral establishment of a September 8 filing deadline. Appellants, therefore, must demonstrate that there is a "reasonable expectation" that the Secretary will again unilaterally change filing deadlines in the future.

Appellants primarily rely on evidence showing that Louisiana frequently encounters hurricanes and tropical storms during presidential qualifying periods to show that there is a reasonable expectation that the Secretary will unilaterally change filing deadlines in the future. At most, Appellants' evidence shows that the Secretary will have an opportunity to act in the same allegedly unlawful manner in the future; however, it does not show a reasonable probability that the Secretary will act in that manner if given the opportunity. By proving opportunity, Appellants have only demonstrated a "physical or theoretical possibility" that the Secretary may repeat his actions, and such a demonstration is insufficient to meet their burden under the "capable of repetition" prong. Murphy, 455 U.S. at 482; McFarlin v. Newport Special Sch. Dist., 980 F.2d 1208, 1211 (8th Cir. 1992) (finding that evidence that there would be an opportunity for the unlawful action to occur again was insufficient to show "a reasonable probability that the same" action would occur again).

Appellants also rely on our decision in Moore v. Hosemann, Nos. 09-60272 & 09-60424, 2009 U.S. App. LEXIS 27911 (5th Cir. Dec. 18, 2009) to show that they have satisfied the exception's requirements.[3] In Moore, we held that a challenge to the Mississippi Secretary of State's 5:00 p.m. deadline for filing was

---

[3] Moore was decided after oral argument in this case. Appellants addressed this case in a post-argument Rule 28(j) letter.

not moot because it was "capable of repetition, yet evading review." Id. at *6-*8. We found that the challenge in Moore was "capable of repetition" because the Mississippi Secretary of State "made it plain that he intend[ed] to enforce the 5:00 p.m. deadline in future elections." Id. at *8. Unlike the Mississippi Secretary of State, the Secretary here has not made it plain that he intends to unilaterally change filing deadlines in the future, and Appellants have not presented any evidence that would show such an intention.[4] Therefore, our decision in Moore does not save Appellants' complaint from mootness.

Appellants could have satisfied their burden under the "capable of repetition" prong if they introduced evidence showing that the Secretary had unlawfully changed filing deadlines in the past, that the Secretary's actions reflect a policy or a consistent pattern of behavior that he has determined to continue,[5] or that the Secretary's action was prescribed by statute, which is the type of evidence presented in most election law cases that fall under the exception.[6] Ill. State Bd. of Elections, 440 U.S. at 188. Appellants have failed

---

[4] Appellants, relying on an executive order issued by the Governor of Louisiana, contend that the Secretary's actions shortened the Governor's filing deadlines from September 12 to September 8. The Secretary disputes Appellants' contention; he asserts that his actions actually extended the filing deadlines and did not shorten them because the Governor's order did not extend the filing deadlines to September 12. We need not resolve this dispute because the proper characterization of the Secretary's actions is immaterial to this decision. Regardless of whether the Secretary's actions were an extension or a shortening, Appellants' complaint is still moot because they have failed to meet their burden under the "capable of repetition" prong.

[5] In their reply brief, Appellants state that the "Secretary's policy is that he has the authority to fix emergency election deadlines," but they do not present any evidence to support their assertion that the Secretary has such a policy. Appellants also state in their reply brief that "the Secretary's action clearly represents policy; at least the Secretary has never claimed it does not." The burden, however, is not on the Secretary to show whether his actions constitute policy; instead, the burden is on Appellants to show that the Secretary's actions were policy, and Appellants have not presented any evidence that would allow them to meet that burden in this case.

[6] Appellants assert that their case is an election law case, so it automatically falls under the "capable of repetition, yet evading review" exception. Appellants' assertion, however, relies on the assumption that their case is like most election law cases. This

to present such evidence. Because we agree with the district court that Appellants have failed to present evidence that would allow them to meet their burden under the "capable of repetition" prong, we conclude that the district court did not err in dismissing Appellants' complaint as moot.

B.     Denial of Costs and Fees Under Rule 4(d)

Appellants argue that the district court erred in denying their request for costs and fees under Rule 4(d) because the Secretary was sued for prospective relief in his official capacity and, therefore, subject to Rule 4(d)'s mandatory waiver-of-service provision. Appellants' argument is foreclosed by our recent decision in Moore. In that case, we held that "a state official sued in his official capacity is not subject to the mandatory waiver-of-service provisions of [R]ule 4(d)." 2009 U.S. App. LEXIS 27911 at *15. Accordingly, we conclude that the district court did not err in denying Appellants' motion for costs and fees under Rule 4(d).

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order.

---

assumption is incorrect. Unlike most election law cases, Appellants' case does not involve a challenge to a governmental action done pursuant to an election statute. See, e.g., Davis, 128 S. Ct. at 2770. These challenges are often able to survive mootness under the exception because courts will assume that the government will enforce the same statute in the future. See, e.g., FEC v. Wis. Right to Life, Inc., 551 U.S. 449, 463 (2007) ("[T]here is no reason to believe that the FEC will 'refrain from prosecuting violations' of BCRA."). In cases such as this, where the challenged governmental action was not done pursuant to a statute, such an assumption cannot be made, so Appellants cannot simply rely on general election law cases to support their assertion that the exception applies.